UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| QSGI, INC., | § § | |
|                      *Plaintiff*, | § § | |
| v. | § § | Case No. 9:11-cv-80880-KLR |
| IBM GLOBAL FINANCING and INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § § | |
|                      *Defendants*. | § | |

**MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION**

Pursuant to Rules 33, 34 and 37 of the Federal Rules of Civil Procedure and Local Rule 26.1(h), International Business Machines Corporation ("IBM") and IBM Global Financing (collectively, "Defendants" or "IBM") move to compel QSGI, Inc. ("QSGI" or "Plaintiff") to answer Defendants' First Request for Production of Documents and Defendants' First Set of Interrogatories to Plaintiff as set forth in more detail below, and such further relief as the Court deems just and proper.

Preliminary Statement

IBM served its Document Requests and Interrogatories (collectively, "Discovery Requests") months ago. QSGI has completely failed to respond to the Discovery Requests, and has produced only a small subset of documents to IBM, even after repeated requests from IBM and repeated assurances from QSGI that its responses were forthcoming. QSGI's unwillingness to provide this basic discovery is prejudicing IBM's ability to prepare its defense. Because QSGI is apparently unwilling to provide these responses, we ask the Court to compel these responses.

Background

QSGI alleges that IBM instituted a new policy in 2007 not to sell to QSGI parts and micro-code allegedly needed to modify the capacity of used IBM mainframes until the used mainframes had been installed and running for at least six months. (Second Am. Compl. ¶ 16, Aug. 4, 2011, ECF No. 7.) Although QSGI complained to IBM about the purported policy change in November 2007, QSGI waited nearly four years to bring this action, which QSGI filed on August 3, 2011. (Compl., Aug. 3, 2011, ECF No. 1.) Shortly thereafter, on September 26, 2011, IBM moved this Court to dismiss QSGI's complaint. (IBM's Mot. to Dismiss, 1, Sept. 26, 2011, ECF No. 19.) Pending the resolution of IBM's Motion to Dismiss, IBM

proceeded with discovery, in order to prepare its defense against QSGI's claims.  On November 10, 2011, the Court issued a Scheduling Order to govern this case.[1]

On November 11, 2011, IBM served QSGI with Document Requests.  (IBM's First Request for the Production of Documents (Nov. 11, 2011), Besvinick Decl. Ex. A.)  On December 6, 2011, IBM served QSGI with Interrogatories.  (IBM's First Set of Interrogatories (Dec. 6, 2011), Besvinick Decl. Ex. B.)

The Federal Rules of Civil Procedure require that Document Requests and Interrogatories be answered within thirty days of service—in this case, on December 12, 2011 and January 5, 2012, respectively.  *See* Fed. R. Civ. P. 34(b)(2), 33(b)(2).  On December 5, 2011, Plaintiff's counsel requested that IBM extend the deadline for responding to the Document Requests from December 12, 2011 until January 11, 2012.  (Besvinick Decl. ¶ 4.)  IBM agreed by email on December 7, 2011.  (*Id.*)

On January 5, 2012, the deadline for responding to the Interrogatories, QSGI informed IBM that QSGI would not be able to meet that deadline or the January 11 deadline for responding to the Document Requests.  (*Id.* ¶ 5.)  At QSGI's request, IBM agreed to extend the deadline for QSGI's responses to the Discovery Requests to January 17.  (*Id.* ¶¶ 5-6.)

On January 17, however, QSGI advised IBM that it would not be able to meet the January 17 deadline either.  (*Id.* ¶ 7.)  On January 19, IBM wrote to QSGI to request that QSGI respond to the Discovery Requests by January 24, 2012.  (*Id.* ¶ 8.)  QSGI again failed to respond by the requested date.  (*Id.* ¶ 9.)

---

[1]   Notably, fact depositions are scheduled to commence in one month on March 15, 2012 and all discovery is scheduled to close less than six months from now, on July 29, 2012. (Sched. Order ¶¶ 9, 12, Nov. 10, 2011, ECF No. 29 (setting July 29, 2012 as the close of fact discovery and incorporating the parties' agreements contained in the joint scheduling report); Parties' Jt. Sched. Rpt. ¶ C(ii), Nov. 4, 2011, ECF No. 27 (agreement to commence fact depositions on March 15, 2012).)

Finally, on January 27, after multiple extensions, QSGI produced a limited number of documents to IBM, but still did not serve responses to the long overdue Discovery Requests. QSGI also agreed to provide responses to the Discovery Requests by February 3 -- a date selected by QSGI.  (*Id.* ¶ 10-12.)

However, on February 3, QSGI again failed to provide responses to the Discovery Requests.  (*Id.* ¶ 13.)  QSGI did not even acknowledge its failure until February 7, 2012, when QSGI's counsel vaguely promised once again that the responses and additional documents would be forthcoming, but provided no timetable.  (*Id.* ¶ 14.)

In a final effort to avoid the need for intervention by this Court, IBM wrote to QSGI and requested that QSGI provide responses to the Discovery Requests and a timetable for producing additional documents by February 13, 2012.  If QSGI did not provide responses by the requested date, it would be forced to seek relief from this Court.  (*Id.* ¶ 15.)  February 13 came and went, however, and QSGI did not provide responses or a document production timetable to IBM.  In addition, calls to Plaintiff's counsel were not returned.

To date, QSGI has provided no timetable for providing its responses to the Discovery Requests or for producing additional documents pursuant to the Document Requests.  (*Id.* ¶¶ 16-17.)

<u>Argument</u>

Under Rules 33 and 34 of the Federal Rules of Civil Procedure, parties must respond to interrogatories and document requests within thirty days of being served, absent an agreement otherwise.  Both Rule 37 of the Federal Rules and Local Rule 7.1(a)(3) require the party seeking a discovery response to make a good faith effort to confer with the party failing to respond to resolve the issue prior to seeking court intervention.  When a party fails to respond to interrogatories or document requests despite good faith efforts to resolve the matter, the party

3

seeking such response may seek an order from the court to compel a response. Fed. R. Civ. P. 37(a)(3)(B). This Court grants motions to compel discovery requests where a party fails to respond within the proper deadlines. *Kramer Scientific Lab. Prod. Corp. v. Golf Med. Corp.*, No. 11-61610-CIV, 2011 WL 5914255, at *2 (S.D. Fla. Nov. 28, 2011) (granting motion to compel discovery where party failed to respond to document requests or interrogatories by the set deadline); *Great Am. Ins. Co. v. Gen. Contractors & Const. Manag., Inc.*, No. 07-21489-CIV, 2008 WL 1745060, at *1 (S.D. Fla. April 11, 2008) (granting motion to compel overdue interrogatory responses).

  IBM served Interrogatories and Document Requests on QSGI in accordance with Rules 33 and 34, respectively, several months ago. Since that time, IBM has made every effort to accommodate QSGI. IBM has provided reasonable extensions whenever QSGI has requested them. IBM has agreed to extended deadlines chosen by QSGI, and QSGI has ignored its self-chosen deadlines. IBM has proposed additional extended deadlines to QSGI and these, too, have been ignored by QSGI. QSGI has provided no indication to IBM of when IBM can expect responses to its Discovery Requests or the production of additional documents. At this stage, IBM has a legitimate concern that absent a Court Order requiring responses by a date certain, QSGI will not devote the time necessary to meet its discovery obligations. QSGI chose to file this lawsuit; now it must comply with discovery. Moreover, QSGI has had four years since the alleged conduct to collect relevant documents, and more than ample time since IBM served the Discovery Requests to respond to them. IBM is entitled to receive these responses.

  In addition, the mounting delays in providing basic discovery have prejudiced and continue to prejudice IBM's ability to prepare its defense. At the filing of this motion, more than 90 days have elapsed since IBM served its Document Requests and 60 days have elapsed since IBM served its Interrogatories. Fact depositions are scheduled to commence on March 15,

4

2012, and the discovery phase (including expert discovery) is set to close less than 6 months from now (July 29, 2012).  Yet, through no fault of IBM, discovery in this matter has barely even begun.  With the meager trickle of documents QSGI has produced -- only approximately 800 to date -- it is becoming less and less likely that IBM will be able to prepare its defense properly.  IBM needs QSGI's responses to prepare for fact depositions, the timing of which is now in jeopardy due to QSGI's delays.  Moreover, without these responses, IBM's experts cannot effectively analyze the purported factual bases for QSGI's claims and damages.  QSGI's delays have deferred indefinitely IBM's experts' commencement of important projects and analyses.  Unfortunately, QSGI has proven through its dilatory conduct that intervention by this Court is necessary to ensure that IBM has the ability to prepare its defense adequately.  IBM therefore moves this Court to compel QSGI to respond to the Discovery Requests.

## Conclusion

For the reasons stated above, QSGI should be ordered to answer IBM's Discovery Requests.  IBM requests that the Court order that QSGI has waived any objection it may have to the Discovery Requests.[2]

---

[2] *See* S.D. Fla. Local Rules app. A, pt. III.A.(5) ("Absent compelling circumstances, failure to assert objections to a request for production within the time period for a response constitutes a waiver of grounds for objection, and will preclude a party from asserting the objection in a response to a motion to compel.").

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Respectfully submitted,

/s/ Laura Besvinick
Laura Besvinick
Florida Bar No. 391158
HOGAN LOVELLS US LLP
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  305-459-6500
Facsimile:  305-459-6550
Laura.Besvinick@HoganLovells.com

Evan R. Chesler*
Richard J. Stark*
Teena-Ann V. Sankoorikal*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  212-474-1000
Facsimile:  212-474-3700
echesler@cravath.com
rstark@cravath.com
tsankoorikal@cravath.com

Ty Cobb*
Eric J. Stock*
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:  202-637-5600
Facsimile:  202-637-5910
Ty.Cobb@HoganLovells.com
Eric.Stock@Hoganlovells.com
*Admitted Pro Hac Vice

*Counsel for Defendants IBM Global Financing and International Business Machines Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 15th day of February 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Laura Besvinick
Laura Besvinick
Florida Bar No. 391158

## QSGI, INC. SERVICE LIST

Juan Pablo Bauta, II
Ferraro Law Firm
4000 Ponce de Leon Blvd
Suite 700
Miami, FL 33146
Phone: 305-375-0111
Fax: 305-379-6222

Case A. Dam
Ferraro Law Firm
4000 Ponce de Leon Blvd
Suite 700
Miami, FL 33146
Phone: 305-375-0111
Fax: 305-379-6222
Email: cxd@ferrarolaw.com