UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

QSGI, INC.,                              §
                                         §
                             *Plaintiff,* §
                                         §
              v.                         §
                                         §    Case No. 9:11-cv-80880-KLR
IBM GLOBAL FINANCING and                 §
INTERNATIONAL BUSINESS                   §
MACHINES CORPORATION,                    §
                                         §
                          *Defendants.*  §

## CONFIDENTIALITY STIPULATION
## AND PROTECTIVE ORDER

Having determined that certain information to be filed or produced during discovery in

*QSGI, Inc. v. IBM Global Financing and International Business Machines Corporation*, Case

No. 9:11-cv-80880-KLR, by QSGI, Inc. ("QSGI"), International Business Machines

Corporation, and IBM Global Financing (collectively "IBM") and non-parties is likely to be

Protected Information (as defined below), the unauthorized disclosure of which would be

detrimental to the legitimate commercial or privacy interests of the Parties or non-parties

producing such Protected Information and could cause irreparable injury.

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their

respective counsel, as follows:

1.      **Definitions.**  For purposes of this Confidentiality Stipulation and Protective Order

(the "Protective Order"), the following definitions shall apply:

A.      "Action" means *QSGI, Inc. v. IBM Global Financing and International*

*Business Machines Corporation*, Case No. 9:11-cv-80880-KLR, and any subsequent appeals

thereof.

B.      "Confidential Information" means information that the Designating Party in good faith believes is information not publicly known and that the Designating Party would not normally reveal to third parties without an agreement to maintain its confidence, including without limitation, documents and correspondence relating to the six-month rule and correspondence with QSGI.

C.      "Confidentiality Legend" means a label placed on material that contains Protected Information and clearly designates the information as such, pursuant to the provisions of this Protective Order.  Such Confidentiality Legend and any other mark or version control number (e.g., Bates number) added to documents shall not obscure or deface any information contained within the document.

D.      "Designating Party" means any Party or non-party that designates information that it or another Party or non-party has produced or provided in this Action.

E.      "Highly Confidential Information" means information that the Designating Party in good faith believes is information not publicly known that would be valuable to the Designating Party's actual and potential competitors and that the Designating Party would not normally reveal to third parties without an agreement to maintain its confidence, including without limitation trade secrets or other sensitive business, pricing or financial information; technical, business plans or strategies; licensing agreements, licensing policies or negotiations; and "research, development or commercial information" as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G) and any applicable caselaw interpreting that rule.

F.      "Independent Expert" means any person who has been retained to assist counsel for a Party in preparing for and conducting this Action.  Such Independent Expert, or any member of such Independent Expert's Support Staff, may not be (1) an employee, officer or

director of a Party or of an entity affiliated with a Party or (2) an employee, officer or director of: (a) a competitor of either Party where such competitor is involved in the development of products that are similar in function to any of the products at issue in this litigation; or (b) any entity affiliated with any such a competitor.  An Independent Expert must be identified pursuant to paragraph 7 before any Protected Information may be disclosed to such Independent Expert.

G.    "In-House Counsel" means an attorney who works solely for the in-house legal department of a Party, and who performs no work other than legal work for other groups, organizations or departments within the Party or its affiliated entities.

H.    "In-House Support Staff" means employees and independent contractors of the Parties, including paralegals, clerical personnel, administrative personnel and secretarial personnel, who work solely for the in-house legal department of a Party, and who perform no work for other groups, organizations or departments within the Party or its affiliated entities.  In-House Support Staff also includes the information technology personnel who regularly support the computer systems and applications used by the Parties' in-house litigation legal departments.

I.    "Party" means QSGI or IBM.

J.    "Parties" means QSGI and IBM.

K.    "Producing Party" means any Party or non-party that produces documents in this Action.

L.    "Protected Information" means Confidential Information or Highly Confidential Information.

M.    "Receiving Party" means any Party or non-party that receives Protected Information.

N.    "Support Staff" means employees and independent contractors of (1) outside counsel and (2) Independent Experts, including paralegals, clerical personnel, and administrative, information technology and secretarial personnel.  Support Staff does not include individuals who are also employees, officers or directors of the Parties or of their affiliated entities.

2.    **Scope of Order.**  This Protective Order governs the handling of all documents, discovery products (including any form of discovery contemplated by Rules 26-37 and 45 of the Federal Rules of Civil Procedure), deposition testimony, pleadings, exhibits of any kind, presentations, computer readable data-storage media, and other information, including all copies, excerpts and summaries thereof, produced, given or filed during discovery and other proceedings in this Action, including without limitation Protected Information produced, given or filed prior to the date of this Protective Order, either voluntarily or as required by discovery requests.  For the purposes of this Protective Order, the terms "document" and "documents" carry the broadest possible meaning consistent with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Florida.

A.    If any party to another legal proceeding, a court or an administrative agency, demands, subpoenas or orders production of information that is the Protected Information of any Designating Party other than the party receiving the subpoena or order or demand, the party receiving such subpoena or order or demand for such Protected Information shall promptly and not less than ten (10) business days before producing  Protected Information to such other party, court or administrative agency, notify in writing:

(i)    the requesting party, court or administrative agency of this Protective Order, and

(ii)    the Designating Party of the pendency of such discovery demand, subpoena or order to produce.

3.    **Persons Subject to Order.**  The provisions of this Protective Order shall apply to the Parties and any non-party producing or receiving Protected Information in this Action.  Any Party, in conducting discovery from non-parties, shall provide any non-party from whom it seeks discovery with a copy of this Protective Order so as to inform such non-party of his, her or its rights herein.  If a non-party provides discovery to any Party in connection with this Action, the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the non-party shall have the same rights and obligations under this Protective Order as held by the Parties.

4.    **Designation of Protected Information.**  Any person who produces, gives or files Protected Information may designate such information, as appropriate, as Protected Information. Any information so designated shall thereafter be treated pursuant to the appropriate terms of this Protective Order.

A.    **Designation of Documents:**  Protected Information shall be designated with the Confidentiality Legend "Confidential" or "Highly Confidential—Attorneys' Eyes Only", as is appropriate, on each page prior to production.  If any Protected Information cannot reasonably be labeled on each page with the appropriate Confidentiality Legend, it shall be placed in a sealed envelope or other container or portable electronic media, such as a CD or DVD, that is in turn marked with the appropriate Confidentiality Legend, or else designated as Protected Information in a manner agreed upon in writing by the Designating Party and Receiving Party.

B.  **Designation of Deposition Testimony:**  Deposition testimony may be designated, in whole or in part, as Protected Information by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to mark the Protected Information portions of the deposition transcript separately and to affix the words "Confidential" or "Highly Confidential—Attorneys' Eyes Only", as appropriate, on each page of such designated portions.  All deposition testimony will be initially, automatically designated as "Highly Confidential—Attorneys' Eyes Only" and shall be treated as such for thirty (30) calendar days after receipt by counsel of record for each Party of the final, official transcript. Subsequent to the expiration of thirty (30) calendar days following receipt by counsel of record for each Party of the transcript of the deposition, said transcript shall automatically lose its confidentiality designation, except as to such sections of the deposition transcript that the deponent, counsel for the deponent or counsel for a Party has designated during the deposition or designates in writing to all counsel of record within said thirty (30) day period as being Protected Information.  A deposition exhibit shall be treated in accordance with the designation already given to it, and the designation of a deposition or portion thereof does not by itself affect the confidentiality of a deposition exhibit.

C.  **Inadvertent Failure to Designate:**  The failure of a Party or non-party to designate information as Protected Information prior to the production of that information, or in the case of a deposition or any portion thereof within thirty (30) calendar days after receipt of the final transcript, shall not preclude that Party or non-party (or any other Party or non-party) from later designating the information as Protected Information.  A Party or non-party that wishes to designate or redesignate information after the production of that information shall do so by providing written notice of such designation or redesignation to outside counsel for any

6

Receiving Party. Upon receipt of such a notice of designation or redesignation, outside counsel for the Receiving Party shall take all reasonable steps to ensure that the newly designated or redesignated information, and any analyses, notes, memoranda or other work product that was generated based on such information, is treated in conformity with the designation or redesignation. In addition, if such information was disclosed to a person not permitted by this Protective Order to receive such information, the Receiving Party that disclosed such information must, within five (5) business days of notification of the designation or redesignation of such Protected Information, (i) attempt to retrieve such Protected Information; (ii) inform such person of all provisions of this Protective Order; (iii) request that such person sign the Acknowledgement and Agreement to Be Bound attached hereto as Exhibit A; (iv) notify outside counsel for the Designating Party in writing of (a) the identity of the person who possesses or possessed such information, including the name, address, phone number and email address, as applicable, of such person; (b) details sufficient to identify the information provided to such person, including, for example, the Bates range of any such information; and (c) the steps undertaken to obtain the return of such Protected Information and to maintain the confidentiality of such information. A copy of the executed Exhibit A shall be served upon counsel for the Designating Party within five (5) business days of its execution by the Receiving Party that disclosed the newly designated or redesignated information.

      D.    **Unauthorized Disclosure:** Should any Protected Information be disclosed by the Receiving Party to any person not authorized to receive such Protected Information under this Protective Order, then that Receiving Party must, within no more than two (2) business days of the discovery of such disclosure, (i) attempt to retrieve such Protected Information; (ii) inform such person of all provisions of this Protective Order; (iii) request that

such person sign the Acknowledgement and Agreement to Be Bound attached hereto as Exhibit A; and (iv) notify outside counsel for the Designating Party in writing of (a) the identity of the person that possesses or possessed such information, including the name, address, phone number and email address, as applicable, of such person; (b) the steps undertaken to obtain the return of such Protected Information; and (c) identify the Protected Information that was disclosed. A copy of the executed Exhibit A shall be served upon counsel for the Designating Party within two (2) business days of its execution by the Receiving Party who disclosed the Designating Party's Protected Information. With regard to information that was not designated as Protected Information at the time of disclosure, the conduct of any Receiving Party is governed by preceding paragraph 4(C).

      E.    **Inspected Documents:**  If documents are made available for inspection, as opposed to copied and provided directly to a Receiving Party, all such documents shall be presumed at such inspection to have been designated by the Designating Party as "Highly Confidential—Attorneys' Eyes Only" until such time as the Designating Party provides Bates stamped copies with confidentiality designations to the Receiving Party. Furthermore, the Designating Party reserves the right to review any documents for privilege prior to production of such Bates stamped copies.

      5.    **Use Limitations.**  All Protected Information that is produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this Action and not for any business or other purpose whatsoever, and shall not be given, shown or made available or communicated in any way to anyone except as expressly permitted by this Protective Order. Nothing in this Protective Order shall preclude: (a) a Designating Party or their attorneys from disclosing, or using in any manner, any designated documents from such

Designating Party's own files or (b) a Receiving Party or its attorneys from showing a document or part of a document designated pursuant to this Protective Order to an individual who prepared or is identified on the face of the document as having received such document.  Disclosure under (a) or (b) does not in any way undermine the confidentiality of the designated document.  The Parties and non-parties bound by this Protective Order acknowledge and agree that the misuse of Protected Information will result in material harm to the Designating Party.  Each Party or non-party bound by this Protective Order shall maintain Protected Information received pursuant to this Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised with respect to its own proprietary information.

6.   **Persons to Whom Protected Information May Be Disclosed.**

A.   **Confidential Information:**  The Receiving Party shall disclose information that the Designating Party designates as Confidential Information only to:

(i)   outside counsel for the Parties and their Support Staff;

(ii)   Independent Experts and their Support Staff, pursuant to the terms of paragraph 7;

(iii)   Three (3) In-House Counsel for each Party and In-House Support Staff for such In-House Counsel.  Specifically, Confidential Information may be disclosed to Juan P. Bauta II, Case Dam and an in-house counsel to be designated at a later date for QSGI, and David Walsh, Kenneth Wildstein and Anthony Gargano for IBM;

(iv)   Two (2) company representatives for each Party.  Specifically, Confidential Information may be disclosed to Marc Sherman and another company

9

representative to be designated at a later date for QSGI, and Steven Rosato and another company representative to be designated at a later date for IBM.

        (v)      the Court, its technical advisor, the jury and authorized Court personnel;

        (vi)      any other person as to whom the Designating Party agrees in writing;

        (vii)      witnesses, if such witness is shown to be an author, source or recipient in the ordinary course of such Confidential Information or if such witness is an employee of the Designating Party; and

        (viii)  court reporters or other outside contractors such as document management personnel employed in connection with this Action, to the extent necessary to perform their work.

Confidential Information shall be disclosed only to the extent necessary, and used solely, for purposes of this Action.

B.     **Highly Confidential Information:**  Information designated as "Highly Confidential—Attorneys' Eyes Only" shall be disclosed only to persons described in paragraph 6(A)(i), (ii), (iii), (v), (vi), (vii) and (viii).  Highly Confidential Information shall be disclosed only to the extent necessary, and used solely, for purposes of this Action.

7.     **Disclosure to Independent Experts.**  With regard to any Independent Expert to whom a Party wishes to disclose  Protected Information, that Party shall follow the procedure set forth below prior to any disclosure of Protected Information:

A.     The Party wishing to disclose Protected Information to an Independent Expert must provide outside counsel for the Designating Party with (i) an executed copy of the

Acknowledgement and Agreement to Be Bound, attached hereto as Exhibit A; and (ii) the Independent Expert's *curriculum vitae* (including employment history and a list of the Independent Expert's clients in any consultations or expert-related work within the last five (5) years).

B.     Outside counsel shall retain in his or her file the original of any signed Exhibit A. In the event that such outside counsel ceases to be counsel of record in this Action, the Party that is or was represented by such counsel shall serve on outside counsel for all Parties the identity of the replacement counsel who will retain any original executed copies of Exhibit A that relate to that Party.

C.     Objections to disclosure of Protected Information to any such Independent Expert must be made in writing within five (5) business days of the notification provided pursuant to paragraph 7(A) and must state with particularity the basis for the objection. During this five (5) business day period, no Protected Information shall be disclosed to such Independent Expert. In the event that the Designating Party objects to the disclosure of Protected Information to such Independent Expert, the Parties shall attempt to resolve the dispute informally. If, however, the Parties are unable to resolve the dispute within ten (10) calendar days after the Designating Party has notified the Party seeking to disclose Protected Information to the Independent Expert of its objection, the Party seeking to disclose Protected Information shall file a motion requesting that the Court issue an order permitting the disclosure of Protected Information to the Independent Expert. During the pendency of any such dispute, and until such time as the Parties reach agreement or by order of the Court, there shall be no disclosure of any Protected Information to the Independent Expert.

8.      **Source Code.**  "Source Code" means code and accompanying statements for the programming of computers written in a high-level or assembly language in any of its various forms that are readable to humans (including without limitation compiler and assembler output listings) and other documents that reveal the internal design, logic, data structures or data flow of a program.  The production of Source Code, if any, is not governed by this Order.  To the extent that IBM, subject to and without waiving any objections that it may have, agrees to make Source Code available, including in response to a request propounded by QSGI, such IBM production is contingent on the entry of a separate protective order governing the confidential and restricted treatment of IBM's Source Code.

9.      **Certain Information Not Within Scope of Order.**  The restrictions of this Protective Order shall not apply to information which (i) was, is or becomes public knowledge, without violation of this Protective Order; or (ii) was or is acquired from a non-party possessing such information and having no obligation of confidentiality to the Designating Party; or (iii) the Receiving Party can establish is in the Receiving Party's rightful and lawful possession at the time of disclosure or is developed independently by the Receiving Party without the use of Protected Information.

10.     **Filings and Procedures.**  For applications and motions in which a Party submits Protected Information:

A.      All documents containing Protected Information which are submitted to the Court shall be filed in sealed envelopes, other sealed containers or in such other manner as to protect the confidentiality of the information, as appropriate.  Such Protected Information shall be clearly marked to indicate the nature of the contents of the sealed envelope or other container.  No separate motion shall be required to file Protected Information under seal.

B.      Any hearing which refers to or describes Protected Information shall be administered in such a manner as to protect the confidentiality of the information according to its appropriate designation.

C.      Any document or transcript designated as Protected Information which is lodged or filed with the Court shall be maintained under seal by the Court and shall be made available only to the Court and to counsel for the Parties, until further order of the Court.

11.      **Attendance at Hearings and Depositions.**  Outside counsel for the Party whose Protected Information may be disclosed at a deposition, hearing or other court proceeding may require that all persons who are not entitled to have access to such Protected Information under this Protective Order leave the room during the portion of the deposition, hearing or other court proceeding during which such Protected Information is discussed.

12.      **Resolution of Disputes.**  A Party shall not be obligated to challenge the propriety of a designation as Protected Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  At any time, a Party may challenge the designation of information as Protected Information by notifying the Designating Party in writing that the challenging Party in good faith believes that the designation should not have been made.  The Parties shall then confer within seven (7) business days to try to resolve the matter.  If the Parties are unable to resolve the matter, the Receiving Party shall be required to move the Court within fourteen (14) business days of conferring with the Designating Party.  The burden of proof shall be on the Designating Party to show that the designation is appropriate under this Protective Order.  Until the matter is resolved by the Parties or the Court, the information in question shall be treated according to its designation under the terms of this Protective Order.

13.    **Conclusion of Litigation**.  Within one hundred twenty (120) calendar days after the conclusion of this Action (or upon its final dismissal or disposition) all documents, other than attorney work-product, that have been designated Protected Information and any copies thereof, shall be returned to the Producing Party or the Receiving Party shall state in writing that it has destroyed or deleted the same.  Notwithstanding the foregoing, outside counsel for the Parties shall be permitted to retain for archive purposes only one (1) electronic and one (1) paper copy of (i) materials created during the course of the Action, including attorney annotations and other work product; (ii) work product of Independent Experts; (iii) materials made part of the Court record, or which have been filed under seal with the Clerk of the Court; (iv) depositions and court transcripts, including exhibits; and (v) summaries of depositions.  Such file copies must be maintained subject to the terms of this Protective Order and this Protective Order shall continue to be binding after the conclusion of this Action, except that unless otherwise ordered by this Court, there shall be no requirement of the destruction or return of documents or transcripts that (i) are used as exhibits at a hearing or trial unless such exhibits were filed under seal and (ii) are not covered by any subsequent confidentiality order.

14.    **Inadvertent Disclosure of Privileged Information**.  If a Producing Party believes that it has, for any reason, disclosed documents, testimony, information and/or things protected from disclosure under the attorney-client privilege, work-product protection or any other legal privilege or immunity protecting such information from discovery, or the Receiving Party discovers such disclosure, the disclosure, pursuant to Fed. R. Evid. 502(d), shall not be deemed a waiver—in this litigation or in any other proceeding, including in Federal, State, arbitral, foreign, or other proceedings—of the applicable privilege or protection.

Upon such discovery, by either the Producing Party or the Receiving Party, prompt written notice identifying such materials shall be provided to the non-discovering party. The Receiving Party shall immediately return to the Producing Party, or destroy, all summaries or copies of such documents, testimony, information and/or things, shall provide a certification of counsel that all such disclosed materials (including copies or summaries of such material) have been returned or completely destroyed and shall not use such items for any purpose until further order of the Court.

In all events, such return or destruction and certification must occur within five (5) business days of receipt of the request. Until such identified materials are returned or destroyed, the materials and the information contained therein shall be treated as Protected Information. Within fifteen (15) business days of the notification that the disclosed materials have been returned or destroyed, the Producing Party shall produce a privilege log with respect to the disclosed materials. Provided that the Receiving Party first fully complies with the requirements for inadvertent disclosure set forth above, the return of any material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged or protected; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. Nothing in this Stipulation and Order shall affect any Party's right to withhold from disclosure documents or information that are privileged or otherwise protected from disclosure.

15.  **Disclosure Beyond the Terms of This Protective Order.** Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Designating Party consents to

such disclosure in writing or on the record or if the Court, after notice to all affected parties, orders such disclosure.

16.  **No Admissions.**  The Parties will endeavor to designate information pursuant to this Protective Order in good faith.  However, any information designated pursuant to this Protective Order shall not constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential or a trade secret.

17.  **Modification.**  This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties without further order of the Court.  A Party may seek, by agreement or by order of the Court, additional protection for information it deems particularly sensitive.  This Protective Order shall not supersede any agreements between the Parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

18.  **Advice of Counsel.**  Nothing in this Protective Order shall bar or otherwise restrict any attorney authorized to view Protected Information under the terms of this Protective Order from rendering advice to any Party-client, and in the course thereof, relying upon such attorney examination of Protected Information; provided, however, that in rendering such advice and in otherwise communicating with such Party-client, the attorney shall not disclose any Protected Information to unauthorized persons.

19.  **Court Retains Jurisdiction After Termination.**  This Protective Order shall survive the termination of this Action.  The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to the Protective Order as the Court.

20.     **Notices.**  All notices required by this Protective Order must be provided in writing by email and mail to outside counsel of record for each Party.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Designating Party.

22.     **No Waiver of Rights.**  This Protective Order shall not be deemed:  (a) a waiver of any Party's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) any waiver of the attorney-client privilege or protection of the work product doctrine; or (e) a waiver of any Party's right to seek additional protection for certain materials or information.  In the event that either Party seeks such additional protection, that Party shall first confer with the opposing Party to reach agreement with respect to such additional protection.   If the Parties are unable to reach agreement, the Party seeking such additional protection shall, within ten (10) business days of the date on which the Parties concluded that agreement could not be reached, file a motion or application with this Court for an additional Protective Order.

Based on the foregoing stipulation, and good cause appearing therefor, the Court approves the Parties' Protective Order governing the protection and exchange of documents and Protected Information.

SO ORDERED.

DATED: this _____17_____ day of _____Feb._____, 2012.

_____
Kenneth L. Ryskamp
SENIOR UNITED STATES DISTRICT JUDGE

AGREED TO AND ENTRY REQUESTED:


/s/ Juan Pablo Bauta, II
Juan Pablo Bauta, II
Case A. Dam
FERRARO LAW FIRM
4000 Ponce de Leon Blvd
Suite 700
Miami, FL 33146
Phone: 305-375-0111
Fax: 305-379-6222

*Counsel for Plaintiffs QSGI, Inc.*

/s/ Laura Besvinick
Laura Besvinick
Florida Bar No. 391158
HOGAN LOVELLS US LLP
1111 Brickell Avenue
Suite 1900
Miami, FL 33131
Telephone: 305-459-6500
Facsimile: 305-459-6550
Laura.Besvinick@HoganLovells.com

Evan R. Chesler*
Richard J. Stark*
Teena-Ann V. Sankoorikal*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  212-474-1000
Facsimile:  212-474-3700
echesler@cravath.com
rstark@cravath.com
tsankoorikal@cravath.com

Ty Cobb*
Eric J. Stock*
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:  202-637-5600
Facsimile:  202-637-5910
Ty.Cobb@HoganLovells.com
*Admitted Pro Hac Vice

Counsel for Defendants IBM Global
Financing and International Business Machines
Corporation

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, WEST PALM BEACH DIVISION

QSGI, INC.,                                §
                                           §
                         *Plaintiff*,      §
                                           §
              v.                           §
                                           §          Case No. 9:11-cv-80880-KLR
IBM GLOBAL FINANCING and                   §
INTERNATIONAL BUSINESS                     §
MACHINES CORPORATION,                      §
                                           §
                        *Defendants*.      §

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I have read the attached Confidentiality Stipulation and Protective Order ("Protective Order"), dated _____, 2012, understand its contents, and hereby agree to comply therewith and to be bound thereby, and consent to the jurisdiction of the United States District Court, Southern District of Florida, for the purposes of enforcement of the Protective Order.

Among other obligations stated therein:

1.     I agree to use Protected Information only for the purpose of preparing for and conducting this Action and not for any business or other purpose whatsoever;

2.     I agree not to make copies of any such Protected Information except in accordance with the Protective Order, and not to communicate such information to any person or entity not qualified to receive such information under the terms of the Protective Order;

3.     I agree to promptly return to the Designating Party (or to destroy as specified in the Protective Order) all Protected Information and all copies of same at the conclusion of the Action; and

4.      I acknowledge that failure on my part to comply with the provisions of the Protective Order may be punishable by contempt of court and may render me personally liable to any party, person, or entity damaged thereby.

I declare under the penalties of perjury that the foregoing is true and correct.

Name: _____(print or type)


Signature: _____


Subscribed and sworn to before me this _____ day of _____, 201__.

_____
Notary Public
My Commission Expires On: _____

2