UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:11-cv-80880-KLR

QSGI, Inc.,

    Plaintiff

vs.

IBM GLOBAL FINANCING, a Division
of International Business Machines
Corporation, INTERNATIONAL
BUSINESS MACHINES
CORPORATION, Parent to and/or d/b/a
IBM GLOBAL FINANCING,

    Defendant              /

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL RESPONSES TO DEFENDANTS DISCOVERY REQUESTS

Plaintiff, QSGI by and through its undersigned counsel files this Response to Defendant IBM and IGF's Motion to Compel Responses to Defendants' Discovery Requests. In support to denying Defendants' Motion, Plaintiff states the following:

1. Defendants' Motion is unwarranted and unhelpful, as it fails to accurately advise the Court of the weekly communications between the parties' counsel, as well as the unexpected circumstances driving Plaintiff's tardiness in responding to Defendant's discovery. Plaintiff's efforts to respond to Defendants' discovery is underway and continuing, and the parties continue to speak and communicate about these matters on a routine and regular basis.

2. In August 2009, QSGI, a publically traded company, filed for Chapter 11 Bankruptcy in the Southern District of Florida Case Nos: 09-23658-EPK; 09-23659-EPK; 09-23660-EPK. QSGI only recently emerged from Chapter 11 last year, 2011. The direct cause of

1

QSGI's bankruptcy was the Defendants' implementation of a policy specifically designed to eliminate the market in which QSGI directly competed with the Defendants. Defendants' actions are the subject of this lawsuit.

3. Defendants filed a Motion to Dismiss in September 2011, claiming, among other things, Plaintiff failed to state a valid cause of action. Despite their claim that no valid cause of action exists, Defendants served Plaintiff with a host of overly broad discovery requests on November 11, 2011. As Defendants' initial discovery came due, Plaintiff's counsel contacted Defense counsel to discuss Defendants' overbroad requests, and rather than litigate over these objections, Plaintiff's counsel agreed to produce all responsive documents, if Defendants agreed to extend the time to respond to their discovery.

4. Since December 2011, Plaintiff's counsel has learned that QSGI's documents were in the possession, custody and control of QSGI's counsel, McDonald Hopkins, LLC. McDonald Hopkins, LLC, (Firm) who is most familiar with the universe of QSGI documents, informed Plaintiff's counsel that the Firm possessed approximately 400 gigabytes of documents in its database and approximately 400 bankers boxes of additional documents in a warehouse located in New Jersey. Unfortunately, the database containing the 400 gigabytes of documents (approximately 1,000,000 documents) was and is in a format that could not be readily searched by Plaintiff's counsel. Complicating matters further is Plaintiff's counsel's discovery that the 400 boxes of documents in New Jersey were turned over to the Securities and Exchange Commission (SEC) and never returned. Plaintiff's counsel informed Defense counsel of these problems, discussing the same in great detail in order to determine how best to proceed.

5. As of the date of this response, McDonald Hopkins, has made several requests of the SEC to return the 400 boxes of QSGI's documents. The SEC, however, has not yet

responded. Plaintiff's counsel will inform this Court as well as Defense counsel as soon as the SEC responds to Plaintiffs' and its lawyers' requests.

6. Plaintiff's search of the 400 gigabyte database for responsive documents is also underway and the documents will be produced on a rolling basis. The sheer volume of documents, which are not organized in a manner that corresponds with Defendants' discovery requests, has made Plaintiffs' counsel search time consuming. To date, Plaintiff has produced over 800 documents and anticipates its rolling production to be completed by the first week of April 2012.

7. In retrospect, the discovery schedule agreed to by the parties was too optimistic given the sheer volume of documents. Throughout this process, Plaintiff's counsel has been communicating with Defense counsel nearly every week via email and phone conferences. While Plaintiff understands and shares the Defense counsel's frustration with the pace of discovery, it is certainly not the product of unwillingness or a desire to delay or frustrate the prosecution or defense of this case.

WHEREFORE, based upon all the foregoing, Plaintiff, QSGI, Inc., respectfully requests that this Honorable Court deny Defendants' Motion to Compel Plaintiff's Responses to Defendants' Discovery Requests.

Respectfully submitted,

**THE FERRARO LAW FIRM, P.A.**
*Attorneys for Plaintiffs*
4000 Ponce De Leon Boulevard, Suite 700
Miami, Florida 33146
Telephone (305) 375-0111
Facsimile (305) 379-6222

By: _____
**Case A. Dam, Esq.**
Florida Bar No. 756091
Email: cxd@ferrarolaw.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2012, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also hereby certify that the forgoing document was served on all counsel of record.

THE FERRARO LAW FIRM, P.A.

By: _____

Case A. Dam, Esq.
Florida Bar No. 756091
Email: cxd@ferrarolaw.com