UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| QSGI, INC., § | |
| § | |
| Plaintiff, § | |
| v. § | Case No. 9:11-cv-80880-KLR |
| § | |
| IBM GLOBAL FINANCING and § | |
| INTERNATIONAL BUSINESS § | |
| MACHINES CORPORATION, § | |
| § | |
| Defendants. § | |

**IBM'S MEMORANDUM OF LAW IN SUPPORT OF IBM'S MOTION FOR SANCTIONS FOR FAILURE TO ATTEND A RULE 30(b)(6) DEPOSITION AND INDIVIDUAL DEPOSITION**

Defendants International Business Machines Corporation and IBM Global Financing (collectively, "Defendants" or "IBM"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby move this Court to impose appropriate sanctions, including reasonable expenses and attorneys' fees incurred by Defendants, on QSGI as a result of the failure of QSGI's Chief Executive Officer ("CEO") Marc Sherman to appear for his deposition after being provided with proper notice.

PRELIMINARY STATEMENT

IBM has consistently sought to work cooperatively with QSGI's counsel in an effort to conduct fact discovery in accordance with the Court's schedule. So it was with the scheduling of the deposition of Marc Sherman. IBM requested available dates for the deposition from QSGI, received proposed dates and then noticed the deposition. Despite proper written notice, Mr. Sherman did not appear for his deposition.[1] IBM outlaid expenses and fees related to the taking of this deposition, including the cost of air

---

[1] Mr. Sherman's Rule 30(b)(6) and individual depositions have since been rescheduled for May 21, 2012.

travel and lodging.  IBM requested that QSGI reimburse IBM for these lost expenses. QSGI refused.  IBM now seeks to recoup these expenses and fees from QSGI.

## BACKGROUND

Mr. Sherman is both a designated corporate witness for QSGI under Rule 30(b)(6) on topics related to document retention and a critical fact witness in his individual capacity.  Mr. Sherman appeared for his Rule 30(b)(6) deposition unprepared in significant part to answer questions on the noticed topics.  Additionally, he was, without proper basis, instructed not to answer a number of questions within the scope of the notice.  Subsequently, IBM sought to resume the Rule 30(b)(6) deposition to cover the unanswered questions and to depose Mr. Sherman individually.  Scheduling Mr. Sherman's joint individual/Rule 30(b)(6) deposition has proved to be quite difficult, as the following history, culminating in his failure to appear for a duly-noticed deposition, shows.

The parties agreed to conduct record retention depositions prior to the commencement of fact depositions, which were set to begin on March 15, 2012. (May 14, 2012 Declaration of Benjamin Diessel ("Diessel Decl.") ¶ 2.)  To this end, IBM contacted QSGI on February 23 requesting that QSGI designate a witness on IBM's Rule 30(b)(6) deposition notice concerning records retention.  (Diessel Decl., Ex. 1.)  IBM requested that the deposition occur on March 9, 12 or 13. (*Id.*)

Five days later, on February 28, IBM reiterated its request for the designation of a witness for deposition on March 9, 12 or 13.  (Diessel Decl., Ex. 2.) Again, QSGI failed to respond.  (Diessel Decl. ¶ 5.)  Because QSGI failed to respond and because the period for fact depositions was approaching, IBM was forced to notice the

deposition for a time and date certain—9:00 a.m. on March 12, 2012—and IBM served said notice at 12:12 p.m. on March 5, seven days before such deposition would occur. (Diessel Decl., Exs. 3-5.)  QSGI waited until March 9, the Friday preceding the deposition noticed for Monday, March 12, to confirm that it would produce a witness. (Diessel Decl. ¶ 7.)

On March 12, 2012, QSGI produced its CEO, Marc Sherman, as its corporate designee for the properly noticed Rule 30(b)(6) deposition.  (Diessel Decl. ¶ 8.) However, Mr. Sherman was not prepared to address the topics noticed by IBM, and IBM notified QSGI that it intended to continue the deposition on a later date.[2]  (Diessel Decl. ¶ 9.)

On March 28, IBM requested that QSGI's counsel provide, by April 2, a date before April 10 on which QSGI could produce a properly prepared witness.  (Diessel Decl., Ex 7.)  QSGI did not respond to IBM's request until April 3.  (Diessel Decl., Ex. 8.)  In its response, QSGI agreed to provide David Harris, the Vice President of Information Technology at QSGI, and Mr. Sherman for continued Rule 30(b)(6) depositions on records retention.  (*Id.*)  However, QSGI failed to provide dates on which such depositions could commence.  (*Id.*)  On April 10, IBM requested that QSGI provide proposed dates for the continued Rule 30(b)(6) depositions of QSGI's designees, Mr. Harris and Mr. Sherman.  (Diessel Decl., Ex. 9.)  QSGI failed to respond to this request.

---

[2] For instance, Mr. Sherman could not address in any depth the categories of documents destroyed during QSGI's bankruptcy or what documents were preserved on QSGI's backup archive.  March 12, 2012, Rule 30(b)(6) Deposition of Marc Sherman, Diessel Decl., Ex. 6, at 89:13-20 ("Q.  Do you know of any other documents that were lost during QSGI's bankruptcy? . . . A.  I don't know.  Q.  You don't know the answer or you don't know of any documents that were lost? . . . A.  I don't know what documents were lost") and 38:2-4 ("Q.  Do you know what was on the tapes?  A.  Once again I said I don't know what was on the tapes.  I never reviewed the tapes.").

3

(Diessel Decl. ¶ 13.) On April 16, IBM sent yet another request to QSGI for proposed dates for Mr. Harris and Mr. Sherman's continued Rule 30(b)(6) depositions, as well as for a deposition of Mr. Sherman in his individual capacity. (Diessel Decl., Ex. 10.) IBM requested that QSGI provide the proposed dates by April 20, and that if QSGI did not, IBM would again be forced to notice the depositions for dates certain. (*Id.*) QSGI did not respond. (Diessel Decl. ¶ 15.) Thus, on April 23, IBM noticed a continuing Rule 30(b)(6) deposition of Mr. Harris for May 1. (Diessel Decl., Exs. 11-12.)

Five days later, on Saturday, April 28, at 5:23 p.m., QSGI's counsel informed IBM that counsel, as well as Mr. Harris, were unavailable on that following Tuesday, May 1. QSGI requested that IBM withdraw its notice and stated that it would provide an alternative date on Monday, April 30. (Diessel Decl., Ex. 13.) QSGI's counsel also indicated that Mr. Sherman was available for deposition during the week of May 7 (*i.e.*, May 7 through May 11). (*Id.*)

On Sunday, April 29, IBM agreed not to proceed with the deposition of Mr. Harris on May 1, so long as QSGI provided on Monday, April 30, dates of availability on or prior to May 11 for Mr. Harris's Rule 30(b)(6) deposition. (Diessel Decl., Ex. 14.) On Monday, April 30 at 7:41 p.m., after not receiving the promised follow-up information from QSGI, IBM again contacted QSGI, requesting dates by the end of the day, and notifying QSGI in writing that it intended to proceed with the deposition of Mr. Sherman on May 8. (Diessel Decl., Ex. 15.)

On May 1, QSGI's counsel, through Mr. Bauta's assistant, indicated that Mr. Harris was available for deposition on Monday, May 7, but did not address IBM's written notice of deposition of Mr. Sherman. (Diessel Decl., Ex. 16.) That evening,

4

IBM's counsel followed up its April 30 written notice with a formal notice of the May 8th deposition date for Mr. Sherman, and, three minutes later, sent a formal notice for the continued Rule 30(b)(6) deposition of Mr. Harris. (Diessel Decl., Exs. 17-22.)

The Rule 30(b)(6) deposition of Mr. Harris proceeded as noticed on May 7, with counsel for both IBM and QSGI in attendance. (Diessel Decl. ¶ 22.) The deposition lasted from approximately 10:00 a.m. until 2:30 p.m. (*Id.*) At no time during this period did QSGI's counsel raise any objection to the deposition of Mr. Sherman on May 8. (*Id.*)

Instead, QSGI waited until 5:13 p.m. on May 7 to inform IBM that it would not be attending the properly noticed deposition of Mr. Sherman. This information came less than 16 hours before the deposition was set to begin and almost three hours after both parties participated in the deposition of Mr. Harris, and after IBM's counsel arranged for the presence of a court reporter and a videographer, flew from New York City to Miami and checked into their hotel. (Diessel Decl. ¶ 23; May 14, 2012 Declaration of Richard J. Stark ("Stark Decl.") ¶¶ 2-4, Exs. 1-2.)

QSGI's counsel informed IBM that they had scheduled depositions in other matters for May 8 and thus would be unavailable to attend IBM's properly noticed deposition. (Stark Decl. ¶ 5.) QSGI's counsel provided two untenable excuses for their unavailability. QSGI's counsel stated that because IBM sent the second written notice "at 10:30 p.m." on May 1, such notice did not comply with the "letter nor the spirit of the [local] rule", and was therefore insufficient. (Diessel Decl. ¶ 23; Stark Decl., Ex. 1.) QSGI's counsel also suggested that there had been "miscommunication" because Case Dam was traveling when IBM served its notices on both of QSGI's counsel

5

(notwithstanding that the notices were also addressed to Juan Bauta). (Stark Decl. ¶ 6.) Notably, counsel have never stated that they did not receive notice or were otherwise unaware of Mr. Sherman's deposition. (*Id.*)

IBM attempted in good faith to resolve the issue outside of court by asking QSGI to appear at the properly noticed deposition, or in the alternative, to pay IBM's expenses related to the deposition. (Stark Decl. ¶ 7, Ex. 3.) QSGI refused both proposals. (*Id.*) On May 8, counsel for IBM appeared at the noticed time and place to commence the deposition of Mr. Sherman. QSGI's counsel and Mr. Sherman failed to appear. (Stark Decl. ¶ 8, Exs. 4-5.)

ARGUMENT

A court may order sanctions where "a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition . . .". Fed. R. Civ. P. 37(d)(1)(A)(i). Appropriate sanctions include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[3] Fed. R. Civ. P. 37(d)(3). Indeed, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust". *Id.*; *see also Samadi v. Bank of Am., N.A.*, No. 11-13561, 2012 WL 1128697, at *1 (11th Cir.

---

[3] Sanctions under Fed. R. Civ. P. 37 (b)(2)(A)(i)-(vi) include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party".

6

Apr. 4, 2012) (upholding district court's award of reasonable expenses to opposing party where plaintiff failed to appear for a properly noticed deposition); *Gigena v. Tapas & Tintos, Inc.*, No. 10-23422-CIV, 2011 WL 2443674, at *1-2 (S.D. Fla. June 15, 2011) (awarding attorneys' fees when plaintiff failed to appear for a properly noticed deposition); *see also eComSystems, Inc. v. Shared Mktg. Servs., Inc.*, No. 8:10-cv-1531-T-33MAP, 2012 WL 899354, at *2-3 (M.D. Fla. Mar. 16, 2012) (awarding expenses where party failed to appear for a Rule 30(b)(6) deposition).

QSGI and Marc Sherman, through designated counsel, received proper notice of the May 8 deposition. Local Rule 26.1(i) states that a party must provide "seven (7) days notice in writing" of a deposition upon oral examination to take place in Florida. In accordance with the Local Rule, IBM notified QSGI's counsel in writing on April 30 that it intended to take Mr. Sherman's individual and Rule 30(b)(6) depositions on May 8. On May 1, IBM provided QSGI's counsel with a formal notice of this deposition. QSGI received not one, but two written notices of the deposition satisfying the time period prescribed by Local Rule 26.1(i). QSGI received written notice on April 30, eight days before the proposed deposition date of May 8. Moreover, the notice on April 30 aside, the formal notice served on May 1 satisfied the Local Rule in that it provided seven days' notice.

Where a party fails to appear for a properly noticed deposition, it bears the burden of establishing substantial justification for that failure. *See Kramer Scientific Lab. Prods. Corp. v. Golf Med. Corp.*, No. 11-61610-CIV-ZLOCH, 2011 WL 5914255, at *2 (S.D. Fla. Nov. 28, 2011). QSGI cannot demonstrate substantial justification. QSGI's counsel proposed the time frame for the deposition and received IBM's written notices

confirming that it would depose Mr. Sherman on a day during that proposed time frame. QSGI had ample opportunity to inform IBM that Mr. Sherman would not be appearing, but failed to do so in a timely manner.  This failure is particularly egregious given that QSGI's counsel were clearly aware of their additional deposition commitments, and yet ignored multiple opportunities to inform IBM that they would not be able to appear. Given QSGI's willful failure to comply with the Federal and Local Rules, imposition of sanctions, including reasonable expenses and attorneys' fees, is appropriate and just.

## CONCLUSION

For the foregoing reasons, IBM respectfully requests that the Court grant IBM's motion for sanctions and order QSGI to pay IBM's expenses and attorneys' fees.

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or nonparties who may be affected by the relief sought in this motion in a good-faith effort to resolve the issues but has been unable to resolve the issues.

Dated: May 16, 2012

Respectfully submitted,

/s/ Laura Besvinick
Laura Besvinick
Florida Bar No. 391158
HOGAN LOVELLS US LLP
200 South Biscayne Boulevard
Suite 400
Miami, FL 33131
Telephone:  305-459-6500
Facsimile:  305-459-6550
laura.besvinick@HoganLovells.com

Evan R. Chesler*
Richard J. Stark*
Teena-Ann V. Sankoorikal*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  212-474-1000
Facsimile:  212-474-3700
echesler@cravath.com
rstark@cravath.com
tsankoorikal@cravath.com

Ty Cobb*
Eric J. Stock*
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:  202-637-5600
Facsimile:  202-637-5910
Ty.Cobb@HoganLovells.com
Eric.Stock@HoganLovells.com
*Admitted Pro Hac Vice

*Counsel for Defendants IBM Global Financing and International Business Machines Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 16th day of May 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Laura Besvinick
Laura Besvinick

## QSGI, INC. SERVICE LIST

Juan Pablo Bauta, II
Ferraro Law Firm
4000 Ponce de Leon Blvd
Suite 700
Miami, FL 33146
Phone: 305-375-0111
Fax: 305-379-6222

Case A. Dam
Ferraro Law Firm
4000 Ponce de Leon Blvd
Suite 700
Miami, FL 33146
Phone: 305-375-0111
Fax: 305-379-6222
Email: cxd@ferrarolaw.com