UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| QSGI, INC.,<br><br>        *Plaintiff,*<br>v.<br><br>IBM GLOBAL FINANCING and<br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>        *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 9:11-cv-80880-KLR |

## DECLARATION OF RICHARD J. STARK

Richard J. Stark, declares as follows:

1. I am a member of the firm of Cravath, Swaine & Moore LLP and counsel to Defendants IBM Global Financing and International Business Machines Corporation (collectively, "Defendants" or "IBM") in the above-captioned action. I submit this declaration in support of IBM's Motion for Sanctions for Failure to Attend a Rule 30(b)(6) Deposition and Individual Deposition.

2. On May 7, 2012, my associate, Pawan Nelson, and I flew from New York City to Miami in anticipation of taking the properly noticed deposition of QSGI's Chief Executive Officer ("CEO") Marc Sherman pursuant to Rule 30(b)(6) as a corporate representative and in his individual capacity. The deposition was properly noticed for May 8, 2012.

3. At 5:13 p.m. on May 7, after arriving at my hotel in Miami, I received an email from QSGI's counsel indicating that neither counsel nor Mr. Sherman would be attending the properly noticed deposition. Attached as Exhibit 1 is a true and correct copy of the May 7, 2012 Email from J. Bauta to B. Diessel and R. Stark, *et al.*

4. I emailed Mr. Bauta at 6:04 p.m. noting that Mr. Sherman's deposition had been properly noticed and that a court reporter and videographer had been previously arranged. I requested that the deposition go forward. Attached as Exhibit 2 is a true and correct copy of this May 7, 2012 Email from R. Stark to J. Bauta.

5. At 6:17 p.m. on May 7, I spoke with counsel for QSGI concerning this deposition. QSGI's counsel informed me that they had scheduled depositions in other matters for May 8 and would therefore be unable to attend IBM's properly noticed deposition.

6. Counsel for QSGI indicated that their failure to appear was due to a "miscommunication" because Case Dam was travelling when IBM served its notices on QSGI's counsel. Counsel for QSGI never stated that they did not receive IBM's notices on April 30 and May 1, or that they were otherwise unaware of Mr. Sherman's deposition. I noted in response that IBM's notices were addressed to both Mr. Dam and Juan Bauta and both presumably have access to email even when traveling.

7. I attempted in good faith to resolve the issue outside of court by asking QSGI to appear at the deposition, or in the alternative, to pay IBM's expenses related to the deposition. QSGI refused both of these proposals. Attached as Exhibit 3 is a true and correct copy of the May 7, 2012 7:06 p.m. Email from R. Stark to J. Bauta.

8. On May 8, 2012, Mr. Nelson and I appeared at the noticed time and place to commence with the deposition of Mr. Sherman. QSGI's counsel and Mr. Sherman failed to appear. Attached as Exhibits 4 and 5 are true and correct copies of the Certificate of Non-Appearance for Marc Sherman in his Rule 30(b)(6) Capacity and

the Certificate of Non-Appearance for Marc Sherman in his Individual Capacity, respectively.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: May 15, 2012

_____
Richard J. Stark

# EXHIBIT 1



**QSGI**

| | |
|---|---|
| Juan P. Bauta <jpb@ferrarolaw.com>   to: Benjamin Diessel | 05/07/2012 05:13 PM |
| Cc: "Richard Stark", "Teena-Ann Sankoorikal", ty.cobb, laura.besvinick, eric.stock, "Case X. Dam", "Nari C. Bauta" | |

| | |
|---|---|
| From: | "Juan P. Bauta" <jpb@ferrarolaw.com> |
| To: | "Benjamin Diessel" <BDiessel@cravath.com> |
| Cc: | "Richard Stark" <RStark@cravath.com>, "Teena-Ann Sankoorikal" <TSankoorikal@cravath.com>, <ty.cobb@hoganlovells.com>, <laura.besvinick@hoganlovells.com>, <eric.stock@hoganlovells.com>, "Case X. Dam" <cxd@ferrarolaw.com>, "Nari C. Bauta" <ncb@ferrarolaw.com> |
| History: | This message has been replied to and forwarded. |

Dear Mr. Diessel:

Pursuant to our conversation today, my position is as follows: I was required to enter into an agreement (which you have repeatedly questioned the existence of) with the SEC for the return of the 382 boxes. The terms of that agreement require me to maintain custody and control of those boxes as well as the integrity of the boxes. In order to facilitate the review of those boxes I have provided you unbridled access to the documents with the caveat that no document may be removed from QSGI's storage facility. You continue to insist on the documents being sent to a third-party vendor for processing. I have responded by informing you that since I am responsible for the documents and since the SEC regards the documents as part of their ongoing investigation I will not agree to the inherent risks associated with the documents leaving my custody. I have also communicated to you, that you are free to speak with Victor Tabak who is the senior SEC counsel involved with the return of the documents and the terms of the SEC agreement. Mr. Tabak can be reached at 202-551-4433. If Mr. Tabak relieves me of any responsibility associated with your request then you are free to have a third-party vendor process the documents.

On a different matter, you set Marc Sherman for deposition with less than 7 days notice as is required by the local rule. This was confirmed by your associate's letter this afternoon wherein you have listed Mr. Sherman for deposition tomorrow. Sending emails at 10:30 pm neither complies with the letter nor the spirit of the rule. As you may recall, Mr. Dam informed you of Mr. Sherman's availability on April 26, 2012. Why you waited until 10:30 pm on May 1, 2012 is curious. Neither myself nor Mr. Dam are available and given the violation of the local rule please advise whether you will agree to reschedule. If not I will file a protective order.

With regard to Mr. Cummings, I spoke with him today and he has agreed to accommodate my schedule by moving the date of his deposition to May 24, 2012. The location and time should remain the same. He also asked me to remind you that he has difficulty hearing. Both Mr. Dam and I are out of town on May 11th. Please advise if you will move Mr. Elliot's deposition. Finally, your assistant should feel free to communicate with my assistant regarding my schedule and Mr. Dam's schedule, similarly it would be helpful if you copied my assistant with your email service. I am often out of the office and she assures that matters are placed on my calendar.

Juan P. Bauta, II Esq.

THE FERRARO LAW FIRM, P.A.
4000 Ponce de Leon Blvd.
Suite 700
Miami, FL 33146
Phone: (305) 375-0111
Facsimile: (305) 379-6222

Confidentiality Notice: The information contained in this transmittal, including any attachment, is privileged and confidential and is intended only for the person or entity to whom it is addressed. If you are neither the intended recipient nor the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, copying or distribution or the taking of any action in reliance on the contents of this transmittal is strictly prohibited. If you have received this transmittal in error, please contact the sender immediately and delete this transmittal from any computer or other data bank.

# EXHIBIT 2



**Re: QSGI**
Richard Stark    to:  Juan P. Bauta                                    05/07/2012 06:04 PM
Cc: Benjamin Diessel, "Case X. Dam", eric.stock, laura.besvinick, "Nari C. Bauta", Teena-Ann Sankoorikal, "Ty Cobb"

From:   Richard Stark/NYC/Cravath
To:     "Juan P. Bauta" <jpb@ferrarolaw.com>
Cc:     Benjamin Diessel/NYC/Cravath@Cravath, "Case X. Dam" <cxd@ferrarolaw.com>, <eric.stock@hoganlovells.com>, <laura.besvinick@hoganlovells.com>, "Nari C. Bauta" <ncb@ferrarolaw.com>, Teena-Ann Sankoorikal/NYC/Cravath@Cravath, "Ty Cobb" <ty.cobb@hoganlovells.com>

Juan:

I have your note to Ben Diessel, sent at 5:13 p.m. today stating that you and Case Dam are unavailable for Mr. Sherman's deposition tomorrow.

Case first advised us on Saturday, April 28 (not the 26th as you claim), at 5:23 p.m., that Mr. Sherman would be available for deposition this week. Ben wrote back to Case and you on Tuesday, April 30 at 7:41 p.m., giving notice that we would take Mr. Sherman's deposition on May 8. Ben followed up with a formal notice the next day, May 1. The Local Rules require "at least seven (7) days notice in writing" of a deposition. At a minimum, Ben's email of April 30 satisfied that requirement. I believe the formal notice satisfied the Rule as well.

I flew down from New York today to take this deposition. We have a reporter and a videographer arranged. I am amazed that you waited until 5:13 p.m. this evening to let us know that you will not be available for a duly noticed party deposition -- particularly given that Case was sitting in a deposition with Ben all day today. You surely could have given us notice this morning, before I boarded my plane, if not a week ago.

In any event, I am in Miami, ready to go. You have not filed a protective order, and, quite frankly, filing a protective order does not in itself relieve the party of the obligation to appear for the deposition. We will go forward tomorrow morning at 9:00 a.m.  You can reach me by email or at 917-520-8040 if you want to discuss this matter.

-Rick


Richard J. Stark
Cravath, Swaine & Moore LLP
(212) 474-1564 (office)
(917) 520-8040 (cell)


-----"Juan P. Bauta" <jpb@ferrarolaw.com> wrote: -----
To: "Benjamin Diessel" <BDiessel@cravath.com>
From: "Juan P. Bauta" <jpb@ferrarolaw.com>
Date: 05/07/2012 05:13PM
Cc: "Richard Stark" <RStark@cravath.com>, "Teena-Ann Sankoorikal" <TSankoorikal@cravath.com>, <ty.cobb@hoganlovells.com>, <laura.besvinick@hoganlovells.com>, <eric.stock@hoganlovells.com>, "Case X. Dam" <cxd@ferrarolaw.com>, "Nari C. Bauta" <ncb@ferrarolaw.com>
Subject: QSGI

Dear Mr. Diessel:

Pursuant to our conversation today, my position is as follows: I was required to enter into an agreement (which you have repeatedly questioned the existence of) with the SEC for the return of the 382 boxes. The terms of that agreement require me to maintain custody and control of those boxes as well as the integrity of the boxes. In order to facilitate the review of those boxes I have provided you unbridled access to the documents with the caveat that no document may be removed from QSGI's storage facility. You continue to insist on the documents being sent to a third-party vendor for processing. I have responded by informing you that since I am responsible for the documents and since the SEC regards the documents as part of their ongoing investigation I will not agree to the inherent risks associated with the documents leaving my custody. I have also communicated to you, that you are free to speak with Victor Tabak who is the senior SEC counsel involved with the return of the documents and the terms of the SEC agreement. Mr. Tabak can be reached at 202-551-4433. If Mr. Tabak relieves me of any responsibility associated with your request then you are free to have a third-party vendor process the documents.

On a different matter, you set Marc Sherman for deposition with less than 7 days notice as is required by the local rule. This was confirmed by your associate's letter this afternoon wherein you have listed Mr. Sherman for deposition tomorrow. Sending emails at 10:30 pm neither complies with the letter nor the spirit of the rule. As you may recall, Mr. Dam informed you of Mr. Sherman's availability on April 26, 2012. Why you waited until 10:30 pm on May 1, 2012 is curious. Neither myself nor Mr. Dam are available and given the violation of the local rule please advise whether you will agree to reschedule. If not I will file a protective order.

With regard to Mr. Cummings, I spoke with him today and he has agreed to accommodate my schedule by moving the date of his deposition to May 24, 2012. The location and time should remain the same. He also asked me to remind you that he has difficulty hearing. Both Mr. Dam and I are out of town on May 11 th. Please advise if you will move Mr. Elliot's deposition. Finally, your assistant should feel free to communicate with my assistant regarding my schedule and Mr. Dam's schedule, similarly it would be helpful if you copied my assistant with your email service. I am often out of the office and she assures that matters are placed on my calendar.

Juan P. Bauta, II Esq.

THE FERRARO LAW FIRM, P.A.
4000 Ponce de Leon Blvd.
Suite 700
Miami, FL 33146
Phone: (305) 375-0111
Facsimile: (305) 379-6222

Confidentiality Notice: The information contained in this transmittal, including any attachment, is privileged and confidential and is intended only for the person or entity to whom it is addressed. If you are neither the intended recipient nor the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, copying or distribution or the taking

of any action in reliance on the contents of this transmittal is strictly prohibited. If you have received this transmittal in error, please contact the sender immediately and delete this transmittal from any computer or other data bank.

# EXHIBIT 3



**Re: QSGI**
Richard Stark   to: Richard Stark                                                                05/07/2012 07:06 PM
         Benjamin Diessel, Teena-Ann Sankoorikal, "Case X. Dam",
Cc:   eric.stock, "Juan P. Bauta", laura.besvinick, "Nari C. Bauta", "Ty
         Cobb"

From:   Richard Stark/NYC/Cravath
To:     Richard Stark/NYC/Cravath@Cravath
Cc:     Benjamin Diessel/NYC/Cravath@Cravath, Teena-Ann Sankoorikal/NYC/Cravath@Cravath, "Case X. Dam" <cxd@ferrarolaw.com>, <eric.stock@hoganlovells.com>, "Juan P. Bauta" <jpb@ferrarolaw.com>, <laura.besvinick@hoganlovells.com>, "Nari C. Bauta" <ncb@ferrarolaw.com>, "Ty Cobb" <ty.cobb@hoganlovells.com>

Juan:

Further to the below, thank you for your call, with Case, at 6:17 p.m. this evening. You and Case attempted to characterize what happened here as a "miscommunication", on the theory that Case was traveling between April 28 and May 2. As you know, that is not a valid excuse. For one thing, both you and Case were copied on the relevant emails. For another thing, I am sure you both have access to email when traveling. Finally, I note that nothing in the Rules requires that notice be given only when the recipient is not traveling.

In any event, you represented that both you and Case are unavailable tomorrow and will not appear, as you will both be in other depositions. I, on the other hand, am available, am in Miami for this deposition, and will appear. As I noted on our call, there are two ways to proceed: either you appear for the deposition, or, if QSGI would agree to pay IBM's expenses in connection with this deposition, that would obviate IBM's Rule 30(g) motion. You declined both options. Accordingly, I will be at the deposition at 9:00 a.m. to note your non-appearance, and we will proceed to seek appropriate relief from the Court.

Best regards,
Rick


Richard J. Stark
Cravath, Swaine & Moore LLP
(212) 474-1564 (office)
(917) 520-8040 (cell)


-----Richard Stark/NYC/Cravath wrote: -----
To: "Juan P. Bauta" <jpb@ferrarolaw.com>
From: Richard Stark/NYC/Cravath
Date: 05/07/2012 06:04PM
Cc: Benjamin Diessel/NYC/Cravath@Cravath, "Case X. Dam" <cxd@ferrarolaw.com>, <eric.stock@hoganlovells.com>, <laura.besvinick@hoganlovells.com>, "Nari C. Bauta" <ncb@ferrarolaw.com>, Teena-Ann Sankoorikal/NYC/Cravath@Cravath, "Ty Cobb" <ty.cobb@hoganlovells.com>
Subject: Re: QSGI

Juan:

I have your note to Ben Diessel, sent at 5:13 p.m. today stating that you and Case Dam are unavailable for Mr. Sherman's deposition tomorrow.

Case first advised us on Saturday, April 28 (not the 26th as you claim), at 5:23 p.m., that Mr. Sherman

would be available for deposition this week. Ben wrote back to Case and you on Tuesday, April 30 at 7:41 p.m., giving notice that we would take Mr. Sherman's deposition on May 8. Ben followed up with a formal notice the next day, May 1. The Local Rules require "at least seven (7) days notice in writing" of a deposition. At a minimum, Ben's email of April 30 satisfied that requirement. I believe the formal notice satisfied the Rule as well.

I flew down from New York today to take this deposition. We have a reporter and a videographer arranged. I am amazed that you waited until 5:13 p.m. this evening to let us know that you will not be available for a duly noticed party deposition -- particularly given that Case was sitting in a deposition with Ben all day today. You surely could have given us notice this morning, before I boarded my plane, if not a week ago.

In any event, I am in Miami, ready to go. You have not filed a protective order, and, quite frankly, filing a protective order does not in itself relieve the party of the obligation to appear for the deposition. We will go forward tomorrow morning at 9:00 a.m. You can reach me by email or at 917-520-8040 if you want to discuss this matter.

-Rick


Richard J. Stark
Cravath, Swaine & Moore LLP
(212) 474-1564 (office)
(917) 520-8040 (cell)


-----"Juan P. Bauta" <jpb@ferrarolaw.com> wrote: -----
To: "Benjamin Diessel" <BDiessel@cravath.com>
From: "Juan P. Bauta" <jpb@ferrarolaw.com>
Date: 05/07/2012 05:13PM
Cc: "Richard Stark" <RStark@cravath.com>, "Teena-Ann Sankoorikal" <TSankoorikal@cravath.com>, <ty.cobb@hoganlovells.com>, <laura.besvinick@hoganlovells.com>, <eric.stock@hoganlovells.com>, "Case X. Dam" <cxd@ferrarolaw.com>, "Nari C. Bauta" <ncb@ferrarolaw.com>
Subject: QSGI


Dear Mr. Diessel:


Pursuant to our conversation today, my position is as follows: I was required to enter into an agreement (which you have repeatedly questioned the existence of) with the SEC for the return of the 382 boxes. The terms of that agreement require me to maintain custody and control of those boxes as well as the integrity of the boxes. In order to facilitate the review of those boxes I have provided you unbridled access to the documents with the caveat that no document may be removed from QSGI's storage facility. You continue to insist on the documents being sent to a third-party vendor for processing. I have responded by informing you that since I am responsible for the documents and since the SEC regards the documents as part of their ongoing investigation I will not agree to the inherent risks associated with the documents leaving my custody. I have also communicated to you, that you are free to speak with Victor Tabak who is the senior SEC counsel involved with the return of the documents and the terms of the SEC agreement. Mr. Tabak can be reached at 202-551-4433. If Mr. Tabak relieves me of any responsibility associated with your request then you are free to have a third-party vendor process the documents.

On a different matter, you set Marc Sherman for deposition with less than 7 days notice as is required by the local rule. This was confirmed by your associate's letter this afternoon wherein you have listed Mr. Sherman for deposition tomorrow. Sending emails at 10:30 pm neither complies with the letter nor the spirit of the rule. As you may recall, Mr. Dam informed you of Mr. Sherman's availability on April 26, 2012. Why you waited until 10:30 pm on May 1, 2012 is curious. Neither myself nor Mr. Dam are available and given the violation of the local rule please advise whether you will agree to reschedule. If not I will file a protective order.

With regard to Mr. Cummings, I spoke with him today and he has agreed to accommodate my schedule by moving the date of his deposition to May 24, 2012. The location and time should remain the same. He also asked me to remind you that he has difficulty hearing. Both Mr. Dam and I are out of town on May 11 th. Please advise if you will move Mr. Elliot's deposition. Finally, your assistant should feel free to communicate with my assistant regarding my schedule and Mr. Dam's schedule, similarly it would be helpful if you copied my assistant with your email service. I am often out of the office and she assures that matters are placed on my calendar.

Juan P. Bauta, II Esq.

THE FERRARO LAW FIRM, P.A.
4000 Ponce de Leon Blvd.
Suite 700
Miami, FL 33146
Phone: (305) 375-0111
Facsimile: (305) 379-6222

Confidentiality Notice: The information contained in this transmittal, including any attachment, is privileged and confidential and is intended only for the person or entity to whom it is addressed. If you are neither the intended recipient nor the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, copying or distribution or the taking of any action in reliance on the contents of this transmittal is strictly prohibited. If you have received this transmittal in error, please contact the sender immediately and delete this transmittal from any computer or other data bank.

# EXHIBIT 4

```
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2
                 CASE NO. 9:11CV 808880-KLR
 3
     ------------------------------------x
 4   QSGI, INC., a Delaware corporation,

 5                   Plaintiff,
     v.
 6   IBM GLOBAL FINANCING, a Division of
     INTERNATIONAL BUSINESS MACHINES
 7   CORPORATION, INTERNATIONAL BUSINESS
     MACHINES CORPORATION, Parent to and/or
 8   d/b/a IBM GLOBAL FINANCING,

 9                   Defendants.

10   ------------------------------------x

11            CERTIFICATE OF NON-APPEARANCE

12   DEPOSITION OF  MARC SHERMAN in his 30(b)(6) capacity
     DATE:          MAY 8, 2012
13   TIME:          9:00 A.M.
     PLACE:         200 SOUTH BISCAYNE BLVD., STE. 400
14                  MIAMI, FLORIDA  33130

15   STATE OF FLORIDA    )
                         )  ss.
16   COUNTY OF MIAMI-DADE )

17          I, Kelli Ann Willis, Notary Public for
     the State of Florida at Large, do hereby certify
18   that I did, at the time and place herein
     designated, appear for the purpose of recording
19   the deposition of MARC SHERMAN, who did not appear
     for said deposition.
20
            I FURTHER CERTIFY that I am not of
21   counsel for, related to, or employed by any of
     the parties or attorneys involved herein; nor
22   am I financially interested in said action.

23          WITNESS MY HAND AND SEAL this 8th day
     of May, 2012, in the City of Miami, County of  .
24   Miami-Dade, State of Florida.

25                        _____
                          Kelli Ann Willis, RPR  CRR
```

# EXHIBIT 5

```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
 2
                    CASE NO. 9:11CV 808880-KLR
 3
     ------------------------------------x
 4   QSGI, INC., a Delaware corporation,

 5                       Plaintiff,
     v.
 6   IBM GLOBAL FINANCING, a Division of
     INTERNATIONAL BUSINESS MACHINES
 7   CORPORATION, INTERNATIONAL BUSINESS
     MACHINES CORPORATION, Parent to and/or
 8   d/b/a IBM GLOBAL FINANCING,

 9                       Defendants.

10   ------------------------------------x

11           CERTIFICATE OF NON-APPEARANCE

12   DEPOSITION OF:  MARC SHERMAN
     DATE:           MAY 8, 2012
13   TIME:           9:00 A.M.
     PLACE:          200 SOUTH BISCAYNE BLVD., STE. 400
14                   MIAMI, FLORIDA  33130

15   STATE OF FLORIDA    )
                         )  ss.
16   COUNTY OF MIAMI-DADE)

17           I, Kelli Ann Willis, Notary Public for
     the State of Florida at Large, do hereby certify
18   that I did, at the time and place herein
     designated, appear for the purpose of recording
19   the deposition of MARC SHERMAN, who did not appear
     for said deposition.
20
             I FURTHER CERTIFY that I am not of
21   counsel for, related to, or employed by any of
     the parties or attorneys involved herein; nor
22   am I financially interested in said action.

23           WITNESS MY HAND AND SEAL this 8th day
     of May, 2012, in the City of Miami, County of
24   Miami-Dade, State of Florida.

25
                         Kelli Ann Willis, RPR, CRR
```