UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80880-Ryskamp/Vitunac

QSGI, Inc., a Delaware corporation,

    Plaintiff,

v.

IBM GLOBAL FINANCING, a division
of International Business Machines Corp.,
et al.,

    Defendants.
_____/



## ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Kenneth L. Ryskamp. Defendant IBM's Motion to Compel (DE 64) is before the Court. Plaintiff QSGI responded (DE 70), IBM replied (DE 77) and the matter is ripe for review.

On March 16, 2012, the Court issued an order granting in part a previous motion to compel filed by IBM. That motion concerned the same interrogatories and requests for production here at issue. In its response to that motion, QSGI did not dispute the substance of the interrogatories or requests for production. QSGI merely argued that it should be given more time to respond to them. The Court agreed, and gave QSGI until April 2, 2012 - a date of QSGI's chosing - to comply with the discovery requests.

A month later, IBM filed the instant motion asking the Court to compel QSGI's compliance with the March 16, 2012 order. In its response, QSGI once again does not attack the substance of the propounded discovery, it only provides numerous reasons it has failed to comply.

As to the interrogatories, IBM argues QSGI's answers are inadequate. QSGI responds that it did not receive the records upon which it would base its interrogatory answers until April 26, 2012. As QSGI now affirms that it has all the relevant documents to answer the interrogatories and does not object to IBM's assertions that the current answers are inadequate, IBM's motion to compel as to the interrogatories is GRANTED. QSGI shall fully respond to the outstanding interrogatories by June 4, 2012.

As to the Requests for Production, IBM argues that QSGI has (1) not produced all the requested documents, and (2) produced many documents in an unreadable electronic format. QSGI responds by asserting that two third-parties, McDonald Hopkins LLC and the SEC, had possession of the responsive documents and only produced them to QSGI's counsel on April 26, 2012. As to IBM second argument, QSGI asserts that it produced the documents in the electronic format they were kept in, and that the Civil Rules do not require more. While QSGI would normally be correct, in this instance it agreed to produce the files in a specific format. The agreement controls. If QSGI could not live up to the agreement, it should have written IBM and explained why. Instead, QSGI did nothing except tell IBM to file a motion with the Court if it wanted the documents in the agreed-upon form. Accordingly, because QSGI now asserts that it possesses all the relevant records and admits to having agreed to produce them in a particular format, IBM's motion to compel as to the requests for production is GRANTED. QSGI shall fully respond to the outstanding requests for production by June 4, 2012. The documents shall be produced in the agreed-upon electronic format.

Lastly, IBM moves for sanctions. The Court is frustrated with QSGI's inaction. Rather than move the Court to continue its March 16, 2012, order and explain that the deadlines cannot be met because third-parties had not fully produced the documents, QSGI did nothing – except, that is,

respond with mock outrage when IBM move to compel compliance. Nonetheless, the Court is not going to sanction either QSGI or its counsel when part of the delay in production was based on the actions of third-parties. The Court, however, warns QSGI that, as it now affirms that it has received documents "constitut[ing] the known universe of existing documents pertaining to QSGI's bankrupt business," the Court will award sanctions if QSGI fails to comply with this Order. Accordingly, IBM's Motion for Sanctions is DENIED.

As detailed above, the Court hereby ORDERS that IBM's Motion to Compel and Motion for Sanctions (DE 64) is GRANTED in part and DENIED in part.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 22 day of May, 2012.

ANNE E. VITUNAC
United States Magistrate Judge