UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-80880-CIV-RYSKAMP\VITUNAC

QSGI, Inc., a Delaware Corporation,

    Plaintiff,

v.

IBM GLOBAL FINANCING, et al.

    Defendants.
_____/

## PLAINTIFF'S NOTICE OF FILING SUBPOENAS

Plaintiff, QSGI, Inc., by and through undersigned counsel files this Notice of Filing Subpoenas in compliance with Magistrate Judge James M. Hopkin's Order dated June 14, 2012. The subpoenas are the subject matter of Plaintiff's Motions to Quash [92] and [93] filed on June 13, 2012. The subpoenas should have been attached as Exhibit A to the motions, but counsel inadvertently did not file them with the motions.

Respectfully submitted,

THE FERRARO LAW FIRM, P.A.
*Attorneys for the Plaintiff*
4000 Ponce de Leon Blvd., Suite 700
Miami, FL 33146
Telephone (305) 375-0111
Facsimile (305) 379-6222

By: /s/ Juan P. Bauta, II
_____
Juan P. Bauta, II
Fla. Bar No.: 894060

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on all counsel of record this 14th day of June, 2012.

By: /s/ Juan F. Bauta, II
_____
Juan P. Bauta, II
Fla. Bar No.: 894060

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

QSGI, INC., §
§
　　　　　　　　　　*Plaintiff*, §
§
v. §　　Case No. 09:11-cv-80880-KLR
§
IBM GLOBAL FINANCING and §
INTERNATIONAL BUSINESS §
MACHINES CORPORATION, §
§
　　　　　　　　　　*Defendants*. §

## NOTICE OF NONPARTY DISCOVERY

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26, 34(c) and 45, Defendants IBM Global Financing and International Business Machines Corporation will be issuing the annexed subpoena directing nonparty RubinBrown LLP to produce designated documents.

May 29, 2012

　　　　　　　　　　　　　　　　　　　　　　　/s/ Teena-Ann V. Sankoorikal
　　　　　　　　　　　　　　　　　　　　　　　Teena-Ann V. Sankoorikal*
　　　　　　　　　　　　　　　　　　　　　　　CRAVATH, SWAINE & MOORE LLP
　　　　　　　　　　　　　　　　　　　　　　　Worldwide Plaza
　　　　　　　　　　　　　　　　　　　　　　　825 Eighth Avenue
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　　　　Telephone: 212-474-1000
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: 212-474-3700
　　　　　　　　　　　　　　　　　　　　　　　tsankoorikal@cravath.com
　　　　　　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants IBM Global
　　　　　　　　　　　　　　　　　　　　　　　Financing and International Business
　　　　　　　　　　　　　　　　　　　　　　　Machines Corporation*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| QSGI, Inc. <br> *Plaintiff* <br> v. <br> IBM Global Financing et al. <br> *Defendant* | Civil Action No. 09:11-cv-80880-KLR <br> (If the action is pending in another district, state where: <br> Southern District of Florida ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: RubinBrown LLP, 1 North Brentwood Blvd., St. Louis, MO 63105

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Gore Perry Reporting & Video Company <br> 515 Olive Street, Suite 300 <br> Saint Louis, MO 63101 | Date and Time: <br> 06/14/2012 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/29/2012

CLERK OF COURT

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
IBM Global Financing and International Business Machines Corporation, who issues or requests this subpoena, are:

Teena-Ann V. Sankoorikal, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019; tsankoorikal@cravath.com; (212) 474-1000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 09:11-cv-80880-KLR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. The term "communication" means the disclosure, transmittal, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise).

2. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3. The term "document" has the broadest possible construction and includes, but is not limited to, the original and/or any copies of any correspondence, book, pamphlet, periodical, letter, calendar or diary entry, memorandum, message, calendar or diary, telex, telegram, cable, telecopy, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, receipt, notice, check, statement, chart, graph, data or other compilation, map, diagram, blueprint, table, index, picture, list, promissory note, card, summary, transcript, confirmation slip, order, manual, photograph, contract, agreement, ledger, log, journal, instrument, accounting, account, corporate minutes, meeting minutes, notebook, notes, schedule, voice recording, tap, microfilm, data sheet, data processing card, disk, computer software data which can be reviewed from electronic media including, but not limited to, emails and metadata, memorandum and/or record of telephone conversations or face-to-face conversations, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic maker, however produced or reproduced, and copies or reproductions of any of the above that differ in any respect from the original, such as copies containing marginal, handwritten or "blind-copy" notes or notations or other variations, drafts or non-identical copies. Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices and other documents that

relate to or refer to such designated documents. The term "document" includes communications.

4. The term "IBM" means International Business Machines Corporation, including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

5. The term "IGF" means IGF, a business unit of IBM, including each of its agents, employees, attorneys, representatives and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

6. The terms "you," "your" or "RubinBrown" shall refer to RubinBrown LLP, or Rubin, Brown, Gornstein & Co. LLP, including each of its members, directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

7. The term "QSGI" means QSGI, Inc., including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

8. The term "Qualtech" means Qualtech International Corporation, including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

9. The term "Top Gun Technology" means Top Gun Technology,

2

Inc., including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

10. The term "SMS" means System Maintenance Services, LLC, including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

11. The term "Data Center Hardware" means the division of QSGI identified as the Data Center Hardware segment in QSGI's filings with the Securities and Exchange Commission ("SEC"), the division referred to as the Data Center Hardware segment in Windsortech Incorporated's SEC filings, and any portions of that division that may have been incorporated into the division identified in QSGI's SEC filings as the Data Center Maintenance segment.

12. The term "Data Center Maintenance" means the division of QSGI identified as the Data Center Maintenance segment in QSGI's SEC filings and the division referred to as the Data Center Maintenance segment in Windsortech Incorporated's SEC filings.

13. The terms "all", "each" and "any" mean all and any.

14. The terms "including" and "includes" mean "including" and "includes" without limitation.

15. The term "IBM mainframe" refers to IBM's System/390 and System z computer systems.

16. Unless otherwise specified, all requests refer to the period between

3

January 1, 2004 and August 28, 2011.

17. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

18. The use of any definition for the purposes of these requests shall not be deemed to constitute an agreement or acknowledgment on the part of IBM that such definition is accurate, meaningful or appropriate for any other purpose in this action.

19. Whenever necessary to bring within the scope of any request any documents, communications or things that might otherwise be construed to be outside its scope: the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as outside its scope; and the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

20. These requests require production of all requested documents that are in your possession, custody or control.

21. Documents that exist in digital form should be produced in a reasonably usable form.

22. If no documents are responsive to a particular request, state that no responsive documents exist.

23. If you object to any document request, please state with specificity the grounds for each such objection.

24. Should a claim be made that any requested document is not subject

4

to discovery by reason of a privilege or legal protection, provide a privilege log containing the information required by Federal Rule of Civil Procedure 45(d)(2)(A).

25. IBM reserves the right to propound additional requests.

## DOCUMENTS TO BE PRODUCED

1. All QSGI monthly and periodic management reporting packages.

2. All transaction documents and work papers associated with QSGI's acquisition of Qualtech in 2004.

3. Documents sufficient to show QSGI's calculation of the additional consideration paid in June 2006 to Qualtech's former shareholders.

4. Documents sufficient to show the terms of QSGI's sale of inventory of QSGI's Data Center Hardware division to Top Gun Technology in 2007.

5. Documents sufficient to show the terms of QSGI's sale of its Data Center Maintenance division to SMS in September of 2009.

6. Documents sufficient to show QSGI's Data Center Hardware division inventory, including inventory broken down by product.

7. Quarterly and annual Data Center Hardware division: income statements, balance sheets, budgets, forecasts, revenue, gross profit, and independent auditor's work papers.

8. All QSGI goodwill impairment reports and supporting financial information and forecasts.

9. Documents sufficient to show the facts and circumstances related to realized losses and inventory write-downs during the period 2007 through 2009.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| QSGI, INC., § § § *Plaintiff*, § § v. § § IBM GLOBAL FINANCING and § INTERNATIONAL BUSINESS § MACHINES CORPORATION, § § *Defendants*. § | Case No. 09:11-cv-80880-KLR |

## NOTICE OF NONPARTY DISCOVERY

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26, 34(c) and 45, Defendants IBM Global Financing and International Business Machines Corporation will be issuing the annexed subpoena directing nonparty Morison Cogen LLP to produce designated documents.

May 29, 2012

Teena Ann V. Sankoorikal*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: 212-474-1000
Facsimile: 212-474-3700
tsankoorikal@cravath.com
*Admitted Pro Hac Vice

*Counsel for Defendants IBM Global Financing and International Business Machines Corporation*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| QSGI, Inc. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 09:11-cv-80880-KLR |
| IBM Global Financing et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Southern District of Florida ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Morison Cogen LLP, 150 Monument Road, Suite 500, Bala Cynwyd, PA 19004

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Cravath, Swaine & Moore LLP<br>Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019 | Date and Time:<br>06/14/2012 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/29/2012

*CLERK OF COURT*

_____       OR       _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
IBM Global Financing and International Business Machines Corporation, who issues or requests this subpoena, are:
Teena-Ann V. Sankoorikal, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019; tsankoorikal@cravath.com; (212) 474-1000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 09:11-cv-80880-KLR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. The term "communication" means the disclosure, transmittal, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise).

2. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3. The term "document" has the broadest possible construction and includes, but is not limited to, the original and/or any copies of any correspondence, book, pamphlet, periodical, letter, calendar or diary entry, memorandum, message, calendar or diary, telex, telegram, cable, telecopy, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, receipt, notice, check, statement, chart, graph, data or other compilation, map, diagram, blueprint, table, index, picture, list, promissory note, card, summary, transcript, confirmation slip, order, manual, photograph, contract, agreement, ledger, log, journal, instrument, accounting, account, corporate minutes, meeting minutes, notebook, notes, schedule, voice recording, tap, microfilm, data sheet, data processing card, disk, computer software data which can be reviewed from electronic media including, but not limited to, emails and metadata, memorandum and/or record of telephone conversations or face-to-face conversations, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic maker, however produced or reproduced, and copies or reproductions of any of the above that differ in any respect from the original, such as copies containing marginal, handwritten or "blind-copy" notes or notations or other variations, drafts or non-identical copies. Designated documents are to be taken as

including all attachments, exhibits, enclosures, appendices and other documents that relate to or refer to such designated documents. The term "document" includes communications.

4. The term "IBM" means International Business Machines Corporation, including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

5. The term "IGF" means IGF, a business unit of IBM, including each of its agents, employees, attorneys, representatives and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

6. The terms "you," "your" or "Morison Cogen" shall refer to Morison Cogen LLP, including each of its members, directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

7. The term "QSGI" means QSGI, Inc., including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

8. The term "Qualtech" means Qualtech International Corporation, including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

9. The term "Top Gun Technology" means Top Gun Technology,

2

Inc., including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

10. The term "SMS" means System Maintenance Services, LLC, including each of its directors, officers, agents, employees, attorneys, representatives, subsidiaries, affiliates and any other person who acts, has acted or purported to act or have acted under its control or on its behalf.

11. The term "Data Center Hardware" means the division of QSGI identified as the Data Center Hardware segment in QSGI's filings with the Securities and Exchange Commission ("SEC"), the division referred to as the Data Center Hardware segment in Windsortech Incorporated's SEC filings, and any portions of that division that may have been incorporated into the division identified in QSGI's SEC filings as the Data Center Maintenance segment.

12. The term "Data Center Maintenance" means the division of QSGI identified as the Data Center Maintenance segment in QSGI's SEC filings and the division referred to as the Data Center Maintenance segment in Windsortech Incorporated's SEC filings.

13. The terms "all", "each" and "any" mean all and any.

14. The terms "including" and "includes" mean "including" and "includes" without limitation.

15. The term "IBM mainframe" refers to IBM's System/390 and System z computer systems.

16. Unless otherwise specified, all requests refer to the period between

3

January 1, 2004 and August 28, 2011.

17. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

18. The use of any definition for the purposes of these requests shall not be deemed to constitute an agreement or acknowledgment on the part of IBM that such definition is accurate, meaningful or appropriate for any other purpose in this action.

19. Whenever necessary to bring within the scope of any request any documents, communications or things that might otherwise be construed to be outside its scope: the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as outside its scope; and the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

20. These requests require production of all requested documents that are in your possession, custody or control.

21. Documents that exist in digital form should be produced in a reasonably usable form.

22. If no documents are responsive to a particular request, state that no responsive documents exist.

23. If you object to any document request, please state with specificity the grounds for each such objection.

24. Should a claim be made that any requested document is not subject

4

to discovery by reason of a privilege or legal protection, provide a privilege log containing the information required by Federal Rule of Civil Procedure 45(d)(2)(A).

25. IBM reserves the right to propound additional requests.

## DOCUMENTS TO BE PRODUCED

1. All QSGI monthly and periodic management reporting packages.

2. All transaction documents and work papers associated with QSGI's acquisition of Qualtech in 2004.

3. Documents sufficient to show QSGI's calculation of the additional consideration paid in June 2006 to Qualtech's former shareholders.

4. Documents sufficient to show the terms of QSGI's sale of inventory of QSGI's Data Center Hardware division to Top Gun Technology in 2007.

5. Documents sufficient to show the terms of QSGI's sale of its Data Center Maintenance division to SMS in September of 2009.

6. Documents sufficient to show QSGI's Data Center Hardware division inventory, including inventory broken down by product.

7. Quarterly and annual Data Center Hardware division: income statements, balance sheets, budgets, forecasts, revenue, gross profit, and independent auditor's work papers.

8. All QSGI goodwill impairment reports and supporting financial information and forecasts.

9. Documents sufficient to show the facts and circumstances related to realized losses and inventory write-downs during the period 2007 through 2009.