UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80880-Civ-Ryskamp/Hopkins

QSGI, INC.,

               Plaintiff,

vs.

IBM GLOBAL FINANCING, et al.,

               Defendants.

_____/



## ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS (DE 81)

**THIS CAUSE** has come before this Court upon an Order referring all discovery matters to the undersigned United States Magistrate Judge for final disposition. (DE 41, 86).

This Court has before it Defendants' motion seeking the imposition of sanctions against Plaintiff and its attorneys for failure to produce its CEO Marc Sherman for a noticed deposition. (DE 81). Plaintiff responded to the motion on May 29, 2012 (DE 87), and Defendants filed a reply on June 8, 2012 (DE 90). This matter is now ripe for this Court's review.

Pursuant to the parties' filings, it is undisputed that on May 1, 2012, Defendants officially noticed the deposition of Plaintiff's CEO Marc Sherman for May 8, 2012 at 9:00 a.m. in Miami, Florida. (DE 81-2, Ex. 17-19). This date was selected after Plaintiff's counsel advised defense counsel that Mr. Sherman would be available during that week. (DE 81-2, Ex. 13). Notably, defense counsel also emailed unofficial notice of the deposition to Plaintiff's counsel on April 30, 2012. (DE 81-2, Ex. 15). Despite these notices, Plaintiff's counsel emailed defense counsel

the night before the deposition was to occur to advise that due to a misunderstanding, counsel was unavailable to defend the deposition in Miami and Mr. Sherman would not appear the following day. (DE 81-3, Ex. 1) Defense counsel, who had flown from New York to Miami on the afternoon of May 7, 2012, specifically for the purpose of taking Mr. Sherman's deposition, advised Plaintiff's counsel that either they would need to reimburse Defendants for their costs or plan to appear for the deposition. Plaintiff's counsel declined both of these alternatives. Hence, Defendants' present motion for sanctions.

As indicated above, Plaintiff concedes that Defendants technically complied with the rules for noticing Mr. Sherman's deposition. However, Plaintiff argues that because the deposition notice was sent at 10:13 p.m. on May 1, 2012, "exactly seven days before" the deposition was to occur, Defendants failed to comply with the "spirit of cooperation and civility" urged by the Local Rules. (DE 87 at page 2). According to Plaintiff, the Court should infer a 5:00 p.m. deadline into the Local Rules because "common courtesy, as well as notions of reasonableness and fairness, dictate that the close of business would be an appropriate deadline" for serving notice of a deposition. *Id.* Under this new standard proposed by Plaintiff, counsel deems Defendants' deposition notice of Mr. Sherman to be "untimely." *Id.* at page 3.[1]

This Court rejects Plaintiff's argument and finds that Defendants' deposition notice was timely. Moreover, the Court finds that cancelling a deposition that necessitates out-of-town travel with less than 24 hours notice is a significantly more egregious failure in terms of cooperation, civility and common courtesy.

---

[1] Local Rule 26.1(j) states that "a party desiring to take the deposition within this State of any person upon oral examination shall give at least seven (7) days notice in writing to every other party to the action and to the deponent . . ." S.D. Fla. L.R. 26.1(j)(2010).

2

Under Rule 37, the Court may sanction a party for failure to appear after being properly noticed for a deposition. Fed. R. Civ. P. 37(d)(1)(a)(I). Based on this Rule and in light of the facts set forth above, the Court finds that Defendants are entitled to reimbursement of the costs associated with Mr. Sherman's failure to appear at the May 8, 2012 deposition and the expenses incurred in bringing this motion. *See Gigena v. Tapas & Tintos, Inc.*. 2011 WL 2443674, *2 (S.D. Fla. June 15, 2011)(court found defendant was entitled to sanctions in the form of attorneys' fees for plaintiff's failure to appear at a properly noticed deposition).

## CONCLUSION

It is hereby **ORDERED** that Defendants' Motion for Sanctions (DE 81) is **GRANTED**. Defendants shall submit any materials in support of their request for attorneys' fees and costs to the Court within **ten days** of this Order.

**DONE and ORDERED** in Chambers this 18 day of June, 2012, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record