UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| QSGI, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> IBM GLOBAL FINANCING and INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> *Defendants*. | Case No. 9:11-cv-80880-KLR |

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE EXPERT WITNESS DISCLOSURES

Defendants International Business Machines Corporation and IBM Global Financing (collectively, "Defendants" or "IBM"), submit this opposition to QSGI, Inc.'s ("Plaintiff" or "QSGI") Renewed Motion for Extension of Time to File Expert Witness Disclosures ("Motion").

PRELIMINARY STATEMENT

QSGI seeks to extend the now-passed deadline for it to submit expert reports by 30 days. QSGI contends that it seeks this extension because: (i) given the voluminous production by QSGI to Defendants, QSGI "still is determining what experts may be used at trial", Mot. ¶ 2; and (ii) "given the voluminous amount of documents produced by both sides, the potential experts require additional time to review the materials", *id*.

Without saying so, however, QSGI's motion effectively seeks an extension of the entire schedule in this case. The schedule currently in force called for opening expert reports to be served on June 12, 2012. QSGI failed to provide its reports, and waited until this deadline to seek an enlargement of its time. QSGI knows full well that moving that date will start a chain reaction requiring a commensurate delay of IBM's date for serving rebuttal expert reports, the

date for the conclusion of expert depositions and, ultimately, of the dates for the close of all discovery and for filing dispositive motions.[1] Also unsaid is the fact that QSGI's apparent need for an extension is the result of its failure diligently to litigate this case.

IBM respectfully submits that no extension is warranted. A scheduling order may only be amended for good cause. Fed. R. Civ. P. 16(b)(4). A finding of good cause presupposes that the movant has made a good faith effort to comply with the original order. *Mayhew v. State Farm Mut. Auto. Ins. Co.*, No. 3:10cv511/MCR/EMT, 2011 U.S. Dist. LEXIS 80252, at *3 (N.D. Fla. July 22, 2011). QSGI has not satisfied that requirement for obtaining a modification of the schedule.

QSGI filed its complaint in this action in August 2011, almost one year ago. This Court issued a Scheduling Order calling for the completion of all discovery by July 29, 2012. As required by the Federal and Local Rules, the parties conferred and agreed upon other deadlines, including deadlines for expert discovery, and this Court's Order expressly incorporated such agreed upon dates. In the ensuing months, IBM has worked diligently to meet the deadlines set by the Court.

---

[1] Though QSGI chose not to spell out these consequences in its motion, QSGI's email to IBM prior to filing the motion recognizes the necessary domino effect. *See* June 11, 2012 Email from A. Kessler to B. Diessel, June 20, 2012, Declaration of Benjamin Diessel ("Diessel Decl."), Ex. 1 (requesting extensions for expert disclosures and discovery, and stating that "of course, we could agree to move the dispositive motion deadline as well"). We also note that QSGI incorrectly attempts to characterize its motion as a "renewed motion" for extension of the time to file expert witness disclosures. QSGI's prior motion was filed on the date that the Scheduling Order sets for disclosure of the identities of experts and sought an extension of that deadline, not the deadline for serving expert reports. See Pl.'s Mot. for Extension of Time to File Expert Witness Disclosures ("May 1 Extension Mot.") (May 1, 2012, ECF No. 67). That request was unnecessary, given that the parties had previously agreed to forgo the separate exchange of identities and instead serve expert identifications and expert reports together, as contemplated under FRCP 26(a)(2), with the first round of reports on June 12, 2012. (Nevertheless, contrary to Plaintiff's assertion that it "did not pursue its original motion", Mot. at 1 n.1, Plaintiff ignored IBM's request that it withdraw the motion, and the Court then ruled on it). Diessel Decl. ¶ 6. On June 12, QSGI filed the instant motion, obviously now seeking an extension of the deadline for serving its expert reports.

The same cannot be said of QSGI.  QSGI failed to respond to IBM's discovery requests for months, so that finally IBM was forced to move to compel.  Even after that motion was granted, QSGI still did not fully respond to IBM's requests, forcing IBM to file another motion.  When that motion was granted, QSGI sought a further delay of discovery by filing meritless objections to the Magistrate's Order, rather than complying.

QSGI's performance has been no better when it comes to taking discovery and preparing its case.  QSGI waited months before finally propounding discovery requests to IBM on March 16, 2012, almost halfway through the discovery period.  QSGI apparently has not retained any experts.[2]  Notwithstanding that IBM timely responded and produced its documents, QSGI still has yet to take a single deposition.  Indeed, it appears that QSGI's counsel have not even reviewed QSGI's own documents, inasmuch as the principal ground given by QSGI for the extension it seeks is that "[d]ue to the voluminous amount of documents provided to Defendants . . . Plaintiff is still determining what experts may be used at trial".  (Mot. ¶ 2.)

On the eve of the close of discovery, QSGI effectively seeks an extension of the entire schedule.  The sole reason why QSGI requests this extension is that for most of the nine months allotted by the Court for discovery, QSGI has been doing nothing to pursue its own discovery, while resisting IBM's discovery.  There is no good cause for extending the schedule.  QSGI's motion should be denied.

---

[2] If QSGI had retained any experts, it would have been obligated under the Court's Confidentiality Stipulation and Protective Order to notify IBM before permitting them to review any confidential IBM documents.  *See* Confidentiality Stipulation and Protective Order ¶ 7 (Feb. 17, 2012, ECF No. 42).  IBM has received no such notification.  Diessel Decl. ¶ 11.  Indeed, QSGI recently represented to IBM that it has not yet disclosed any IBM confidential information to any expert.  *See infra* n.8.

BACKGROUND

      A.    Plaintiff's Motion Effectively Seeks an Extension of the Entire Case Schedule

Plaintiff brought this suit against Defendants in August 2011. QSGI and IBM jointly proposed a schedule to the Court on November 4, 2011. That proposed schedule included the June 12, 2012 deadline for provision of expert reports and disclosures on which a party bears the affirmative burden of proof. (Joint Scheduling Report at 3 (Nov. 4, 2011, ECF No. 27).) The Court entered its Scheduling Order on November 10, 2011. (Scheduling Order, Nov. 10, 2011, ECF No. 29.) The Order included, among others, the following deadlines: expert and fact discovery to close on July 29, 2012, and dispositive motions to be filed no later than September 4, 2012. (*Id.* ¶ 9.) The Order did not specify a date for exchange of expert reports. However, the Order provided that "[t]he parties shall be bound by all additional representations made in their Joint Scheduling Report". (*Id.* ¶ 12.) The schedule thus incorporated the deadlines relating to expert submissions contained in the November 2011 Joint Scheduling Report—specifically, that reports on issues on which the parties bear the burden of proof be exchanged on June 12; that rebuttal reports be exchanged on July 12; and that expert depositions follow thereafter and conclude by the close of discovery. (Joint Scheduling Report at 3.) The parties expressly agreed that this was the correct interpretation of the Scheduling Order. (Dec. 2011 Email Chain between L. Besvinick and J. Bauta, Diessel Decl., Ex. 2.)

Plaintiff presents its latest request for an extension[3] as seeking only an extension of the deadline for its provision of expert disclosures. As described above, however, the requested

---

[3] Plaintiff's general pattern in this case has been to wait for each deadline to arrive (or pass) and then seek an extension. Examples of requested extensions include time to respond to or comply with: (1) Defendants' first motion to dismiss, Pl.'s Mot. for Extension of Time in which to Respond to Mot. to Dismiss the Compl. (Oct. 11, 2012, ECF No. 22); (2) Defendants' second motion to dismiss, Pl.'s Mot. for Extension of Time to File Resp. to Defs.' Mot. to Dismiss Second Am. Compl. (Apr. 27, 2012, ECF

4

extension would have a domino effect on the entire case schedule.[4] An extension to July 12 of the deadline for the affirmative expert report would require extending the July 12 deadline for rebuttal reports. The present July 29 discovery cutoff would likewise have to be extended to accommodate the subsequent expert depositions. This, in turn, would necessitate extending the deadline for dispositive motions, presently set for September 4.[5]

B. Plaintiff Has Failed Diligently to Prosecute this Action and Failed to Meet its Discovery Obligations

Since filing its complaint in August 2011, Plaintiff has largely failed to prosecute its case. With regard to document discovery, Plaintiff waited until March 16, 2012 to serve its first discovery requests in this action. (Diessel Decl. ¶ 5.) With regard to depositions, Defendants offered to make several witnesses available for deposition on various dates throughout May and June. (*Id.* ¶ 8.) Plaintiff declined those dates or simply ignored these offers.[6] (*Id.*) To date,

---

No. 60); (3) Defendants' document requests (repeatedly), Mot. to Compel Pl.'s Resps. to Defs.' Disc. Reqs. and Mem. of Law in Supp. of Defs.' Mot. ("Feb. 15 Mot. to Compel"), at 2-3 (Feb. 15, 2012, ECF No. 40); (4) Defendants' interrogatories (repeatedly), *id.*; (5) the Court's March 16, 2012 Order, Diessel Decl. ¶ 4; (6) disclosure of expert identities, May 1 Extension Mot.; and (7) exchange of affirmative expert reports and associate disclosures, Pl's. Renewed Mot. for Extension of Time to File Expert Witness Disclosures (June 12, 2012, ECF No. 91).

[4] Plaintiff indicates that it anticipates filing a second motion seeking an extension of the Court's ordered discovery deadline. Mot. at 2 n.2. However, as explained herein, Plaintiff's current motion effectively seeks an extension of the entire schedule.

[5] Accordingly, if the Court grants Plaintiff's requested extension, Defendants request that extensions be granted for the succeeding dates, including 30 days for Defendants' expert rebuttal reports and sufficient time thereafter for expert depositions and dispositive motions.

[6] On April 30, 2012, Defendants offered Mark Anzani for deposition on May 3, 2012. *See* Apr. 30, 2012 Letter from B. Diessel to J. Bauta, Diessel Decl., Ex. 3. After Plaintiff failed to accept this date, Defendants offered Mr. Anzani on May 17 and Kevin Cleary on May 18. *See* May 2, 2012 Letter from B. Diessel to J. Bauta, Diessel Decl., Ex. 4. Shortly thereafter, Defendants offered Bill Curran and Steve Rosato on May 22 and May 31, respectively. *See* May 8, 2012 Letter from B. Diessel to J. Bauta, Diessel Decl., Ex. 6. When Plaintiff did not proceed with the deposition of Mr. Anzani on May 17, Defendants offered a third date, June 8. *See* May 10, 2012 Email from B. Diessel to J. Bauta, Diessel Decl., Ex. 5. Plaintiff never responded to this offered date. *See* Diessel Decl. ¶ 8.

Plaintiff has not taken a single deposition.[7]  (*Id.*)  Plaintiff also apparently has not taken any steps toward preparation of its expert reports and associated disclosures.  As of the filing of this motion, Plaintiff has not disclosed a single expert in this case.  (*Id.* ¶ 11.)  Further, no QSGI expert has yet reviewed even a single confidential document that Defendants produced.[8]

Likewise, Plaintiff has failed to meet its obligation to provide discovery to IBM. Plaintiff did not produce the majority of its electronic document production to Defendants until May 2012—over one month after the Court ordered Plaintiff to complete its production. (*See id.* ¶ 4; March 16, 2012 Order ("Mar. 16 Order"), ¶ 2 (Mar. 16, 2012, ECF No. 50).) Plaintiff apparently failed to review these documents prior to production. (*See* Pl.'s Objections to Mag. J. Ann E. Vitunac's Order ("Pl.'s Objs."), Dated May 22, 2012, on Defs.' Mot. to Compel ("Pl.'s Objs.") at 17 (June 4, 2012, ECF No. 88).) Plaintiff also has failed to provide to Defendants certain discovery, including interrogatory responses, that Defendants requested over six months ago, despite two Court Orders (as to which Plaintiff stands in violation). (*See* Mar. 16 Order ¶ 2; May 22, 2012 Order at 2 (May 22, 2012, ECF No. 85); Pl.'s Objs. at 16-17 (admitting failure to comply with these Orders' instructions to complete document production and respond fully to interrogatories).)

          C.     <u>Defendants are Prepared to Comply with the Court's Scheduling Order</u>

Defendants, on the other hand, have diligently conducted discovery and are prepared to proceed under the current schedule.  Defendants promptly served Plaintiff with document

---

[7] On June 14, 2012, Plaintiff requested depositions of five persons. Diessel Decl. ¶ 9. IBM promptly provided dates for four individuals, and IBM intends to respond concerning the last individual in short order. *Id.*

[8] Indeed, although QSGI claims that its potential experts need more time to review documents produced "by both sides", QSGI's potential experts' work to review IBM's productions has yet to begin. *See* June 18, 2012 Email from A. Kessler to B. Diessel, Diessel Decl., Ex. 7 (stating that QSGI has not yet provided any expert with IBM's production of confidential IBM documents).

requests and interrogatories in November and December 2011, respectively. (Feb. 15 Mot. to Compel, Feb. 15, 2012, Declaration of Laura Besvinick, Exs. A, B (Feb. 15, 2012, ECF No. 40-1).) Beginning in February 2012, Defendants have propounded seven third-party subpoenas seeking documents.[9] Defendants have likewise diligently proceeded with deposition discovery, notwithstanding Plaintiff's lack of cooperation in scheduling depositions,[10] including its recent failure to attend the deposition of its CEO. (*See* Mot. for Sanctions for Failure to Attend (May 16, 2012, ECF No. 81).) Specifically, Defendants have conducted six depositions beginning in March 2012.[11] Defendants have also scheduled another three depositions that will be conducted in the remainder of June and July. (Diessel Decl. ¶ 7.) In addition, Defendants have timely responded to Plaintiff's discovery requests.[12] Defendants have also made the necessary preparations to provide expert discovery under the current schedule. For example, in February, March and April of 2012, Defendants disclosed to Plaintiff, experts Richard Gilbert, Joel Steckel and Craig Casey. (*Id.* ¶ 10.)

---

[9] Defendants have subpoenaed documents from Clerity, Micro Focus, Oracle, Hewlett-Packard, RubinBrown LLP, Morison Cogen LLP and Kinetic Advisors LLC. Diessel Decl. ¶ 7.

[10] For example, Defendants repeatedly engaged Plaintiff to schedule the continued Rule 30(b)(6) deposition on records retention. Due to Plaintiff's repeated failure to respond, Defendants were forced unilaterally to notice the deposition for a date certain. See IBM's Mem. of Law in Supp. of IBM's Mot. for Sanctions for Failure to Attend a Rule 30(b)(6) Dep. and Individual Dep. ("Mot. for Sanctions for Failure to Attend"), May 15, 2012, Declaration of Benjamin Diessel, Exs. 9-11 (May 16, 2012, ECF No. 81-2)).

[11] Defendants have deposed corporate representatives Marc Sherman and David Harris, and have deposed in their individual capacities former QSGI CFO Edward Cummings, former QSGI Directors R. Keith Elliott and Geoffrey Smith, and former QSGI investor Daniel Pike. Diessel Decl. ¶ 7.

[12] Defendants promptly responded in writing to Plaintiff's March 16 document requests and interrogatories on April 11 and April 19, respectively. Diessel Decl. ¶ 5. Defendants produced documents responsive to Plaintiff's document requests on April 11, April 18, April 27, May 7, May 30 and May 31. *Id.*

ARGUMENT

      A.    <u>Legal Standard</u>

"A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (holding that a scheduling order "may be modified only upon a showing of good cause") (quotation marks and citation omitted).

To show good cause, the moving party must demonstrate that it acted diligently in seeking to satisfy the requirements of the scheduling order. *Id*. ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (quoting Fed. R. Civ. P. 16 advisory committee's note); *Mayhew*, 2011 U.S. Dist. LEXIS 80252, at *3 ("A finding of lack of diligence on the part of the party seeking modification [of the scheduling order] ends the good cause inquiry . . . .") (quoting *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002)). Good cause cannot be shown where failure to comply with a scheduling order is due to counsel's busy litigation schedule. *See Blue Marine Shipping Mex. S.A. de C.V. v. QV Trading, LLC*, No. 10-60833-CIV, 2011 U.S. Dist. LEXIS 21422, at *11-12 (S.D. Fla. Mar. 3, 2011) (concluding that "because the only reason given for the failure to complete discovery within the time prescribed in the Scheduling Order was the high level of counsel's litigation schedule, Defendant had failed to show sufficient good cause for a discovery extension") (citation omitted).

      B.    <u>Plaintiff's Failure Diligently to Prosecute Its Case is Not Good Cause</u>

QSGI cannot demonstrate good cause to alter the schedule. As discussed above, Plaintiff's own lack of diligence for the past 10 months, the source of its current dilemma, cannot satisfy the "good cause" required for altering the schedule. *See Mayhew*, 2011 U.S. Dist.

8

LEXIS 80252, *4-5 (finding no good cause to extend an expert designation deadline where "the subject matter of the motion for extension was readily available to the party" and "the party delayed filing the motion"); *see also Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d at 1277-78.

The excuses that Plaintiff proffers—principally its failure to review its own documents—do not constitute good cause.[13] (Mot. ¶ 2 ("[G]iven the voluminous amount of documents provided *to Defendants* . . . Plaintiff still is determining what experts may be used at trial.") (emphasis added).) That is particularly so given that Plaintiff purportedly knew of its claim in 2007[14] and sought to engage present counsel in 2010.[15] Plaintiff thus has had literally years in which it could have and should have reviewed its relevant documents. Moreover, Defendants have undertaken substantial efforts—and incurred substantial costs—to meet the schedule set by the Court. No less should be expected of the party who brought this case. (*See* IBM's Mot. to Compel Compliance with Mar. 16, 2012 Order and for Sanctions for Noncompliance, May 1, 2012, Declaration of Benjamin Diessel ¶ 14 (May 1, 2012, ECF No. 64-2).)

Plaintiff further alleges that "fact discovery . . . including addressing the many discovery motions filed, has consumed significantly more time than anticipated at the beginning of this case". (Mot. ¶ 3.) Again, this excuse does not demonstrate good cause. Notably, IBM has filed

---

[13] Plaintiff has no excuse for this inaction, given that Plaintiff has had custody and control of these documents, which were maintained at various times by Plaintiff and Plaintiff's SEC counsel, McDonald Hopkins. *See Jans ex rel Jans v. The GAP Stores, Inc.*, No. 6:05-cv-1534-Orl-31JGG, 2006 U.S. Dist. LEXIS 67266, at *2-5 (M.D. Fla. Sept. 20, 2006) (ordering documents within the possession of a party's counsel produced because those documents are within control of the party).

[14] Plaintiff publicly stated in 2007 that it believed it had an actionable claim against Defendants. *See* QSGI Inc., Quarterly Report (Form 10-Q) at 12 (Nov. 14, 2007), Mot. to Dismiss With Prejudice Pl.'s Second Am. Compl. and Mem. of Law in Supp. of Defs.' Mot., Apr. 16, 2012, Declaration of Laura Besvinick ("Apr. 16, 2012 Besvinick Decl."), Ex. 1 (Apr. 16, 2012, ECF No. 54-1).

[15] *See* Debtors-in-Possession's Appl. for Emp't of Juan P. Bauta, II As Special Counsel Nunc Pro Tunc to Nov. 18, 2010, No. 09-23658-EPK (Bankr. S.D. Fla. Dec. 2, 2010), Apr. 16, 2012, Besvinick Decl., Ex. 5.

9

only three discovery motions: two for QSGI's failure to provide discovery (both granted) and one for QSGI's failure to appear at a duly noticed deposition (also granted). The remaining discovery motions are QSGI's motions for extensions, two motions to quash subpoenas seeking QSGI financial data (both denied), and QSGI's objections to Magistrate Vitunac's second Order compelling QSGI to provide complete discovery. Thus, in effect, QSGI is arguing that it needs an extension because it has spent so much time on motions occasioned by its own delaying tactics.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion. If, however, the Court grants an extension to Plaintiff, Defendants request that the Court modify the succeeding dates in the schedule so as to avoid any prejudice to Defendants.

Dated:  June 20, 2012

        Respectfully submitted,

        s/ Laura Besvinick_____
        Laura Besvinick
        Florida Bar No. 391158
        HOGAN LOVELLS US LLP
        200 South Biscayne Blvd.
        Suite 400
        Miami, FL 33131
        Telephone:  305-459-6500
        Facsimile:  305-459-6550
        Laura.Besvinick@HoganLovells.com

        Evan R. Chesler*
        Richard J. Stark*
        Teena-Ann V. Sankoorikal*
        CRAVATH, SWAINE & MOORE LLP
        Worldwide Plaza
        825 Eighth Avenue
        New York, NY 10019
        Telephone:  212-474-1000
        Facsimile:  212-474-3700
        echesler@cravath.com
        rstark@cravath.com
        tsankoorikal@cravath.com

        Ty Cobb*
        Eric J. Stock*
        HOGAN LOVELLS US LLP
        Columbia Square
        555 Thirteenth Street, NW
        Washington, DC 20004
        Telephone:  202-637-5600
        Facsimile:  202-637-5910
        Ty.Cobb@HoganLovells.com
        Eric.Stock@HoganLovells.com
        **Admitted Pro Hac Vice*

        *Counsel for Defendants IBM Global Financing and International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 20th day of June 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ Laura Besvinick
        Laura Besvinick
        Florida Bar No. 391158

**QSGI, INC. SERVICE LIST**

Juan Pablo Bauta, II
Ferraro Law Firm
4000 Ponce de Leon Blvd
Suite 700
Miami, FL 33146
Phone: 305-375-0111
Fax: 305-379-6222

Melissa Damian Visconti
The Ferraro Law Firm
4000 Ponce de Leon Blvd
Suite 700
Miami, FL 33146
Phone: 305-375-0111
Email: mdv@ferrarolaw.com

Case A. Dam
Ferraro Law Firm
4000 Ponce de Leon Boulevard
Suite 700
Miami, FL 33146
Phone: 305-375-0111
Email: cxd@ferrarolaw.com