UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| QSGI, INC., | § § § |
| *Plaintiff*, | § § |
| v. | § § Case No. 09:11-cv-80880-KLR |
| IBM GLOBAL FINANCING, and INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § § § |
| *Defendants*. | § § |

### DECLARATION OF RICHARD J. STARK IN SUPPORT OF SPECIFICATION OF COSTS AND REASONABLE EXPENSES PURSUANT TO ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS

I, Richard J. Stark, hereby declare as follows:

1. I am a member of the law firm of Cravath, Swaine & Moore LLP ("Cravath"), and counsel for IBM Global Financing and International Business Machines Corporation (collectively "IBM" or "Defendants"). I respectfully submit this declaration in support of Defendants' Specification of Costs and Reasonable Expenses Pursuant to Order Granting Defendants' Motion for Sanctions ("Specification of Costs and Expenses").

2. On June 18, 2012, the Court granted IBM's Motion for Sanctions for Failure to Attend a Rule 30(b)(6) Deposition and Individual Deposition ("Motion" (May 16, 2012, ECF No. 81).) The Court held that IBM is "entitled to reimbursement of the costs associated with [Marc] Sherman's failure to appear at the May 8, 2012 deposition and the expenses incurred in bringing this motion" and ordered IBM to "submit any materials in support of [its] request for attorneys' fees and costs to the Court within ten days". ("Order" at 3 (June 18, 2012, ECF No. 96).)

3. On June 27, in an effort to avoid burdening the Court with unnecessary briefing, IBM wrote QSGI by email and asked if QSGI would agree to reimburse IBM's costs and reasonable expenses. A true and correct copy of this email is attached as Exhibit A. IBM provided QSGI with a draft of this declaration, which sets forth: (1) IBM's costs arising from QSGI's failure to produce Mr. Sherman for his deposition on May 8, 2012; and (2) IBM's reasonable expenses incurred in bringing its Motion and preparing its Reply in Support of the Motion (the "Reply" (June 8, 2012, ECF No. 90).) (The draft declaration IBM provided to QSGI and this declaration are substantively identical, but for the narrative added to this paragraph and the explanatory footnotes added to paragraph 8.) QSGI did not respond to IBM's proposal, prompting IBM to file its Specification of Costs and Expenses and this supporting declaration.

**Identity, Experience and Qualifications of Attorneys**

4. The attorneys who worked on this matter include myself, as well as associates Benjamin H. Diessel, Brian M. Jenks, Pawan Nelson, and Evan C. Ennis (collectively, the "Associates"). The experience and qualifications of the Associates and me, as well as our respective hourly billing rates, are set forth below.

5. I received an A.B. from Harvard College in 1986 and a J.D. from New York University School of Law in 1991. I joined Cravath in 1991 and became a Partner in 1999. Among other jurisdictions, I am admitted to practice before the United States Supreme Court; the Federal Circuit, the D.C. Circuit, the Second, Third and Seventh Circuits; U.S. District Courts for the Southern District of New York, Eastern District of New York, and District of Columbia; and state courts in New York and Connecticut. For over twenty years, my practice has emphasized antitrust, intellectual property and other technologically intensive litigation for both plaintiffs and defendants. I have recently represented IBM, Qualcomm, and Bristol-Myers

Squibb in antitrust actions. I have also published articles and given talks on subjects including patent, antitrust and securities law.

6. The Associates' practices include a range of complex litigation matters, including antitrust and intellectual property matters. Mr. Diessel graduated from University of Michigan Law School, where he received a J.D. degree in 2008. Mr. Diessel has worked at Cravath from 2008 to 2009 and from 2010 to the present (from 2009 to 2010, he clerked for a federal judge). Mr. Jenks graduated from University of Wisconsin Law School, where he received a J.D. degree in 2009. Mr. Jenks worked as a Special Assistant District Attorney in the Richmond County District Attorney's Office from September 2009 until July 2010, and has worked at Cravath since 2010. Mr. Nelson graduated from Columbia Law School, where he received a J.D. degree in 2009. He has worked at Cravath since 2010. Ms. Ennis graduated from Cornell Law School, where she received a J.D. degree in 2010. From 2010 to 2011, Ms. Ennis worked as a Public Service Attorney at the New York City Law Department, and she has worked at Cravath since 2011. Messrs. Diessel, Jenks, Nelson and Ennis are each admitted to practice law in the State of New York.

7. The following schedule lists the hourly billing rates for me and the Associates. These rates are reasonable and customary rates for lawyers with comparable experience at Cravath's peer law firms.

| **Lawyer** | **Year Graduated from Law School** | **Rate** |
| --- | --- | --- |
| Richard J. Stark | 1991 | $1,004/hour |
| Benjamin H. Diessel | 2008 | $613/hour |
| Brian M. Jenks | 2009 | $474/hour |
| Pawan Nelson | 2009 | $474/hour |
| Evan C. Ennis | 2010 | $355/hour |

**Costs Associated with Nonappearance**

8. IBM seeks reimbursement of certain costs that it incurred due to Mr. Sherman's nonappearance. Specifically, IBM requests that QSGI reimburse IBM for the cost of: airfare and attorney travel time between New York and Miami for two attorneys (myself and Mr. Nelson); one night of accommodations in Miami for each of the attorneys; and the cost of the court reporter. The following schedule details these costs, true and correct copies of supporting documentation for which is attached hereto as Exhibits B–F.

| Expense | Cost |
| --- | --- |
| Round-trip plane ticket for Richard J. Stark | $1,221.39[1] |
| 4 hours travel time for Richard J. Stark | $4,016.00 |
| Hotel for Richard J. Stark (one night) | $285.89[2] |
| Round-trip plane ticket for Pawan Nelson | $1,221.39[3] |
| 4 hours travel time for Pawan Nelson | $1,896.00 |
| Hotel for Pawan Nelson (one night) | $285.89[4] |
| Court reporter | $330.00[5] |
| **TOTAL COSTS** | **$9,256.56** |

---

[1] This sum comprises the original airfare ($1,235.33, *see* Ex. B at 2), adjusted downward to account for the savings resulting from the change to the return flight that was made following notice from QSGI that Mr. Sherman would not appear ($511.80 charge for new return flight ticket, *see* Ex. B at 4, and $50 charge for ticket change fee, *see* Ex. B at 6; minus $575.74 reimbursement for refundable ticket, *see* Ex. B at 8).

[2] This sum comprises the hotel's nightly rate ($253.00) and applicable taxes ($17.71 and $15.18). *See* Ex. C. Charges for room service are not included.

[3] This sum comprises the original airfare ($1,235.33, *see* Ex. D at 2), adjusted downward to account for the savings resulting from the change to the return flight that was made following notice from QSGI that Mr. Sherman would not appear ($511.80 charge for new return flight ticket, *see* Ex. D at 4, and $50 charge for ticket change fee, *see* Ex. D at 6; minus $575.74 reimbursement for refundable ticket, *see* Ex. D at 8).

[4] This sum comprises the hotel's nightly rate ($253.00) and applicable taxes ($17.71 and $15.18). *See* Ex. E. Charges for room service are not included.

[5] *See* Ex. F.

9. The above costs are a conservative accounting of a subset of the costs incurred by IBM due to Mr. Sherman's nonappearance. For example, IBM does not seek reimbursement of any time (aside from travel time) that attorneys spent preparing for Mr. Sherman's deposition; for costs of ground transportation and meals; or for costs of preparing and shipping exhibits. IBM also mitigated its costs, where feasible, for example by cancelling videographer services after counsel for QSGI stated that neither Mr. Sherman nor counsel intended to appear at the deposition.

### Reasonable Expenses Incurred in Bringing the Motion

10. As noted by the Court, IBM sought to avoid the expenses associated with bringing the Motion and preparing the Reply by conferring in good faith with QSGI. (Order at 2.) But QSGI refused to reimburse IBM's travel costs, prompting IBM to bring the Motion and incur the associated costs. (*Id.*) Thus, pursuant to the Court's Order, IBM now also seeks reimbursement of its reasonable expenses in connection with bringing the Motion. (*Id.* at 3.)

11. The Motion and Reply were prepared by me and the Associates during May and June 2012. Preparing the Motion and Reply required: legal research; drafting, editing and reviewing the Motion and Reply (and the associated declarations); preparing the Motion and Reply (and the associated declarations and exhibits) for filing; and associated conferences, correspondence and communications.

12. Cravath provides IBM with invoices on a monthly basis, each of which includes fees for all the work done on this matter by various attorneys and staff for a given month. Cravath's invoices include diaries that record the time worked by each timekeeper and descriptions of the work done. However, neither the diaries nor the invoices separately break out the time worked on each individual task, such as a motion. Therefore, for ease of reference, I

have reviewed the information from the May invoice and the relevant information that will be included in the upcoming June invoice and provide below a conservative estimate of the time spent on the Motion and Reply by myself and the Associates.

| Attorney | Date | Tasks | Hours | Fee |
|---|---|---|---|---|
| Richard J. Stark | 5/14/12 | Review and revise Motion. | 0.6 | $602.40 |
| | 5/15/12 | Finalize Motion. | 0.2 | $200.80 |
| | 6/6/12 | Review and revise draft Reply. | 0.6 | $602.40 |
| | 6/7/2012 | Review and revise Reply. | 0.3 | $301.20 |
| Benjamin H. Diessel | 5/13/12 | Review and revise Motion. | 1.0 | $613.00 |
| | 5/14/12 | Conference regarding Motion. | 0.2 | $122.60 |
| | 5/31/12 | Draft Reply. | 2.5 | $1,532.50 |
| | 6/1/12 | Draft Reply and correspondence with IBM legal team regarding Reply. | 2.3 | $1,409.90 |
| | 6/2/12 | Draft and revise Reply. | 1.8 | $1,103.40 |
| | 6/3/12 | Draft and revise Reply; correspondence with IBM legal team regarding Reply. | 2.5 | $1,532.50 |
| | 6/5/12 | Correspondence with IBM legal team regarding Reply. | 0.2 | $122.60 |
| | 6/6/12 | Review comments to Reply and revise Reply. | 1.1 | $674.30 |
| | 6/8/12 | Review and revise Reply; preparation of same for filing. | 2.1 | $1,287.30 |
| Brian M. Jenks | 5/9/12 | Revise Motion. | 4.0 | $1,896.00 |
| | 5/11/12 | Finalize Motion. | 1.0 | $474.00 |
| | 5/15/12 | Additional revisions to Motion; preparation of Motion for filing. | 4.0 | $1,896.00 |

6

| Evan Ennis | 5/7/2012 | Conduct legal research; draft Motion. | 4.5 | $1,597.50 |
|---|---|---|---|---|
| | 5/8/2012 | Conduct legal research; draft Motion. | 6.3 | $2,236.50 |
| | 5/9/12 | Draft Motion. | 3.25 | $1,153.75 |
| | | **TOTAL FEES** | | **$19,358.65** |

13. As with its costs, the foregoing accounting of reasonable expenses is a conservative estimate of IBM's reasonable expenses. For example, IBM does not seek reimbursement of all time billed to IBM, including for relevant work performed by IBM's local counsel in connection with preparing and filing the Motion and Reply, or for relevant work performed by Cravath's support staff and paralegals.

## Total Costs and Reasonable Expenses

14. The total amount of the foregoing costs and reasonable expenses for which IBM seeks reimbursement is $28,615.21, which comprises the costs that IBM incurred in connection with Mr. Sherman's nonappearance ($9,256.56), and the reasonable expenses that IBM incurred in bringing the Motion and preparing the Reply ($19,358.65).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2012

_____
Richard J. Stark