UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80880-Civ-Ryskamp/Hopkins

QSGI, INC.,

Plaintiff,

vs.

IBM GLOBAL FINANCING, et al.,

Defendants.

_____/

```
FILED by _____ D.C.

JUL 25 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.
```

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS (DE 100)

**THIS CAUSE** has come before this Court upon an Order referring all discovery matters to the undersigned United States Magistrate Judge for final disposition. (DE 41, 86).

On June 18, 2012, this Court granted Defendants' motion for sanctions based on Plaintiff's failure to produce its CEO Marc Sherman for a noticed deposition. (DE 96). The Court instructed Defendants to submit evidence of the attorneys' fees and costs they incurred as a result of Mr. Sherman's failure to appear. (DE 96). On June 28, 2012, Defendants submitted supplemental papers seeking $28,615.21 in costs and attorneys' fees. (DE 100). On July 12, 2012, Plaintiff filed an objection to the amount sought. (DE 104).

The Court finds the costs and fees sought by Defendants to be exorbitant. Accordingly, this Court will exercise its discretion in reducing the fees and costs to impose reasonable sanctions. *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (court has discretion to adjust an award of attorneys' fees).

In federal court, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)).  The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).  The fee applicant bears the burden of establishing the claimed market rate.  *See Barnes*, 168 F.3d at 427.  Generally, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id.* at 437 (*citing Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).  The Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners.  *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006)("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate.").

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, then the court must exercise billing judgment for them.  *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 130).

Here, Defendant does not offer any explanation for using primarily New York attorneys to defend against a lawsuit filed in the Southern District of Florida and thus, the Court will apply

customary attorneys' fees in this market, rather than defense counsel's New York City rates. *See Barnes*, 168 F.3d at 437 ("the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed'")(*citing Cullens v. Georgia Dep't. of Transp., Barnes*, 168 F.3d at 436 , 1494 (11ᵗʰ Cir. 1994)).

Another court in this District recently concluded that an hourly rate of $400.00 was reasonable for a "very skilled" intellectual property attorney. *See Jackson v. Grupo Indus. Hotelero, S.A.*, 2010 WL 750301, *3 (S.D. Fla. March 3, 2010).  Given that Mr. Stark has twenty years of experience in antitrust law and intellectual property work, the Court will apply an hourly rate of $500 for him, and an hourly rate of $250.00 for his associate, Evan C. Ennis, Esq., who graduated from law school two years ago.[1]

Defendants' supplemental papers indicate that in addition to Mr. Stark and Mr. Ennis, three other attorneys were involved in working on this matter. *See* Declaration of Richard J. Stark, Esq. (DE 100).  However, the Court finds that Defendants' Motion for Sanctions was not so complex as to require the involvement of five attorneys.  Reviewing Mr. Stark's Declaration, it appears that Mr. Ennis performed the bulk of the research and drafting of Defendants' motion papers.  Accordingly, the Court will allow 14 hours for Mr. Ennis' work and 1.7 hours for Mr. Stark's work in revising and finalizing the motion and reply papers.

With regard to defense counsel's costs, ordinarily, this Court would conclude that Plaintiff should not have to pay for Defendants' decision to use out of town counsel and, therefore, would decline to award any of defense counsel's travel costs. *See Barlow v. Sun Life*

---

[1]  This is a reduction from the $1,004.00 hourly rate sought by Mr. Stark and the $355.00 hourly rate sought by Mr. Ennis. *See* Declaration of Richard J. Stark, Esq.  (DE 100 at page 3).

*and Health Ins. Co.*, 2011 WL 3475298, *2 (M.D. Fla. Aug. 9, 2011)(court deducted attorney travel time from fee because defendant should not be required to pay for plaintiff's choice to hire counsel from out of town) (*citing Kearney v. Auto–Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1379 (M.D. Fla. 2010)).  However, because Plaintiff knew that defense counsel would be traveling from New York to Miami for the deposition, but waited until the evening before the deposition to advise defense counsel that Mr. Sherman would not appear, the Court finds these circumstances are sufficiently egregious to warrant reimbursement of $1,500.00 in travel costs.  *See F.T.C. v. Dalbey*, 2011 WL 6413819, *2 (D. Colo. Dec. 21, 2011)(court imposed sanctions where party gave "extremely late notice" to cancel deposition and "counsel had already incurred considerable expense" traveling to San Francisco for the deposition).

## CONCLUSION

It is hereby **ORDERED** that Defendants' Request for Attorneys' Fees and Costs (DE 100) is **GRANTED IN PART AND DENIED IN PART**.  Within **ten days** of this Order, Plaintiff shall reimburse Defendants for their attorneys' fees and costs as follows:

Mr. Stark:     1.7 hours x $500.00 =        $  850.00

Mr. Ennis:     14 hours x $250.00 =        $3,500.00

Costs:                                      $1,500.00

**TOTAL FEES AND COSTS:**                **$ 5,850.00**

**DONE and ORDERED** in Chambers this 25 day of July, 2012, at West Palm Beach in the

Southern District of Florida.

*James M. Hopkins*

_____

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record